## MOSES v. THE STATE.

CRIMINAL LAW.—*Public Nuisance.*—Any person erecting, or continuing and maintaining, a public nuisance, to the injury of "*any part* of the citizens of this State," may be punished therefor.

SAME.—*Defence.*—Where the carrying on of any particular business, in a particular locality, is a public nuisance to the citizens thereof, the fact, that such business is carried on as carefully and reasonably as it can be, is no defence to a prosecution therefor.

From the Jefferson Circuit Court.

*W. T. Friedley,* for appellant.

*C. L. Jewett,* Prosecuting Attorney, and *C. A. Buskirk,* Attorney General, for the State.

BIDDLE, C. J.—Prosecution against the appellant, commenced before a justice of the peace, for maintaining a public nuisance.

The affidavit, after entitling the case, is in the following words:

"Henry Jones, being duly sworn, on his oath swears, that on or about the 24th day of July, 1876, at said county, and near the city of Madison, and at divers other times before said day and the commencement of this action, at and near the dwelling-houses of affiant and divers citizens of said place and county, said Moses did unlawfully maintain, and cause and procure to be maintained, a slaughter-house, for the purpose of slaughtering cattle, and boiling the entrails and offal of the cattle; and the said Moses did, on the day and year, at the

place aforesaid, and on divers other days and times before the commencement of this. action, unlawfully kill and slaughter cattle, and boil the entrails and offal, and cause and procure the slaughtered cattle, and the entrails and offal of the same to be boiled, to the injury of divers citizens, near said slaughter-house as aforesaid; by reason whereof divers noisome, offensive and unwholesome smokes, smells and stinks, during the time aforesaid, were from them emitted, so that the air then and there was filled and impregnated with said smokes, smells and stinks, and made offensive, uncomfortable and unwholesome to the citizens near said slaughter-house."

A motion to dismiss the case, on the ground of the insufficiency of the affidavit, was overruled by the justice. Plea, not guilty; trial and conviction.

Appeal to the circuit court, wherein a motion to quash the affidavit was made by the appellee; the motion was overruled, and exception reserved. Trial by the court, finding of guilty, motion for a new trial denied, over exceptions. Judgment. Appeal.

Two questions are made in this court: 1. The insufficiency of the affidavit to charge a public nuisance; and, 2. The insufficiency of the evidence to sustain the finding.

1. On behalf of the appellant, it is insisted by his counsel, that the affidavit is insufficient to charge a *public* nuisance. He falls back on the common law definition of public nuisance to support his argument. As, by the common law, a public nuisance was an "annoyance to *all* the King's subjects," so he says, a public nuisance under our law should be an annoyance or work an injury to *all* the citizens of the State. But our statute enacts, that "Every person who shall erect, or continue and maintain any public nuisance, to the injury of any part of the citizens of this State, shall be fined," etc. 2 R. S. 1876, p. 460, sec. 8. And as we look to our statute for the definition of crimes and misdemeanors, we must hold the affidavit good.

2.  A careful examination of the evidence satisfies us that it supports the finding. It appears, however, that the appellant kept his slaughter-house in good order, and as cleanly as such houses can reasonably be kept; and from this he seems to think he should not be liable in this prosecution. His property and pursuit will be carefully protected by the law, but he must so use his rights as not to injure the rights of others  The best conducted slaughter-house, in the wrong place, might be a public nuisance. There are times and places for all the pursuits of men, when and wherein they may conduct their business, without any serious injury to the rights of one another; and this is what the law requires of all.

The judgment is affirmed, with costs.