TERENCE M. O'REILLY *et al. vs.* FREDERICK PERKINS *et al.*

PROVIDENCE—JANUARY 31, 1901.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Nuisances.   Injunctions.   Equity.*

A bill in equity seeking to enjoin the erection of a brewery, which does not set out the location of the complainants' residences with reference to the defendants' estate with sufficient definiteness to show that the annoyances threatened would be appreciable to them, nor allege any threats or facts from which threats can be inferred to conduct and operate the brewery so as to make it harmful to. the complainants from the manner of its operation, states no case for an injunction.

(2) *Equity.   Damnum absque injuria.*

The fact that the location of a brewery will result in the transportation over the tracks of a street railway company (licensed to carry freight and passengers) of a largely increased quantity of merchandise, resulting in additional annoyance to parties residing on the line of the road, is *damnum absque injuria.*

BILL IN EQUITY seeking a mandatory injunction.   The facts are stated in the opinion.   Heard on demurrer to bill, and demurrer sustained.

DOUGLAS, J.   We are of opinion that the demurrer to the bill should be sustained.

(1)     The complainants do not set out the location of their residences with reference to the defendants' estate with sufficient

definiteness to show that the annoyances threatened would be appreciable to them. *Siskiyou Lumber Co.* v. *Rostel*, 121 Cal. 511.

The complainants, through their counsel, admit that a brewery *per se* is not a nuisance ; and they do not allege any threat, or any facts from which a threat can be inferred, on the part of the defendants to conduct and operate the brewery so as to make it harmful to the complainants from the manner of its operation. The allegation, therefore, based upon no fact stated, except that the defendants intend to operate a brewery, that the brewery "will necessarily become a nuisance" must be regarded as mere conjecture. If a brewery *per se* is not a nuisance, as is admitted, we cannot grant an injunction against building and operating a brewery. If the operation of a brewery in any certain way is a nuisance, we may grant an injunction against such a mode of operation.

The cases cited by the complainants generally support our conclusion, so far as they are in point. *Jones* v. *Powell*, Hutton's Reports, 135, was an action on the case for damages caused by a brew-house and privy. The court says : "By which case it appeareth that although sea-cole be a necessary fuell to be used, and that brew-houses are necessary, yet the rule in law is *sic utere tuo, ut alienum non lœdas.* And chimneys, dye-houses, and tan-vats are also necessary, but so to be used that they be not prejudicial to their neighbors. And in this case the jury found that this new brew-house and privy was maliciously erected to deprive the plaintiff of the benefit of his habitation and office, and that the plaintiff was hereby damnified, as in the declaration is alleged." All the judges concur in judgment for the plaintiff.

In *Mulligan* v. *Elias*, 12 Abbott's Pr. R. N. S. 260, the defendant's chemical works were in full operation, and voluminous evidence was before the court upon which it determined that the works as operated constituted a nuisance against which an injunction should be granted.

*Moses* v. *The State*, 58 Ind. 185, was a criminal complaint for maintaining a public nuisance. The court held the evidence sufficient to justify conviction.

*Bowen* v. *Mauzy*, 117 Ind. 258, was heard upon demurrer to a bill for injunction which alleged that the defendants were converting a building twenty-eight feet distant from the complainant's residence into a blacksmith's shop, and that the carrying on of a blacksmith's business there would essentially interfere with the comfortable enjoyment of the lives of complainant and his family ; that the gases and smoke from the forges would fill his house with smoke and smells unbearable and offensive to his senses and very injurious to himself and family ; that the noise of the shop and its customers and accumulation and filth in and about it would destroy the free use of complainant's property, etc. The court held these allegations, except that the blacksmith's shop was to be operated, to be mere conclusions which might not be verified by the event and which did not constitute sufficient ground for granting an injunction. "It is necessary," say the court, "in order to restrain a person from commencing the operation of a business in itself legitimate, that it should be made to appear that the person about to enter into such business threatens and intends to conduct the business in a manner which will constitute a nuisance."

*Coker* v. *Birge*, 9 Ga. 425, was an application for an injunction against the erection of a livery-stable with a plank floor on the lot adjoining the complainant's hotel. The allegations of apprehended injury were such as might well be considered inevitable, and the injunction was granted.

In *Aldrich* v. *Howard*, 8 R. I. 246, the stable was in operation, and the jury found it in fact to be a nuisance to the plaintiff, an adjoining householder.

(2) The allegation that the operation of the brewery or the business carried on there will result in the transportation over the tracks of the street railroad company of a largely increased quantity of merchandise would be equally probable if the brewery were to be located anywhere on the line of the road miles away from the homes of the complainants. The company, if licensed to carry freight and passengers, must carry them in such quantity and numbers as increasing business and population may demand. The additional annoyances to

persons residing on the line of the road is clearly *damnum absque injuria.*

Demurrer sustained.

*T. M. O'Reilly, Leon L. Mott,* for complainants.
*McGuinness & Doran,* for respondents.