R. I. HOME BUILDERS, INC. *vs.* WALTER M. HUNT *et al.*

JULY 16, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J.   This is a petition for certiorari to review the action of the city council of the city of Cranston, hereinafter referred to as the council, in amending its zoning ordinance.   The prayer of the petition is that the record of that action be quashed.   Pursuant to the writ the respondents, who are the members of the city council and the city clerk, have made a return to this court of all pertinent records.

The petitioner is the owner of the Garden City Plat, a large tract of land which is under extensive development. The portion of the plat involved in this case is on the easterly side of Reservoir avenue and in a residential district zone.   The Budlong Rose Company, hereinafter called Budlong, is the owner of a lot designated as lot 779 on assessors' plat 11, section 6.   This lot is on the westerly side of Reservoir avenue and opposite that part of petitioner's land just above described.

Prior to the action of the council, a portion of the Budlong

lot was in a residential district. On April 11, 1947 Budlong filed an application with the council praying that the *zoning ordinance be amended* by changing the classification of that portion of its lot from a residential district to a business district. Notice of a public hearing to be held on May 14, 1947 before the ordinance committee of the council on Budlong's application was published in a newspaper of general circulation in Cranston on April 29, May 6 and May 13, 1947. Petitioner also received written notice of such hearing from the city clerk. The hearing was held as advertised, at which time the petitioner, through counsel and witnesses, objected to the proposed amendment. Thereafter, on May 16, 1947, the council, acting upon the recommendation of the ordinance committee, passed an ordinance amending the zoning ordinance in accordance with Budlong's application.

Petitioner's main contention is that the action of the council in amending the zoning ordinance was without warrant of law, in that the amendment was adopted in plain violation of general laws 1938, chapter 342, hereinafter called the act. Section 1 of the act empowers the various cities and towns to enact zoning ordinances for their respective communities. Section 2, upon which petitioner relies, in so far as pertinent, provides as follows: "No such ordinance shall be enacted, amended or repealed until after a public hearing has been held upon the question of the enactment, amendment or repeal of such ordinance," before the city council or its duly authorized committee, "who shall give first notice of such public hearing" in a newspaper of general circulation in such city "at least once each week for 3 successive weeks prior to the date of such hearing * * * ." The determinative question in this case is whether the notice of the hearing held on May 14, 1947 before the ordinance committee, which was published on April 29, May 6 and May 13, 1947, satisfied the requirements of the act.

The case is before us on certiorari because the petitioner apparently believed that it was entitled to prosecute such

258

writ as of right under the zoning act. The respondents did not question the propriety of such procedure at the hearing before us. But later we ourselves questioned that right and thereupon requested the parties to file supplemental briefs on the point, which they did in due time. Both parties, relying on *Rhode Island Episcopal Convention* v. *City Council*, 52 R. I. 182, in which the question also was whether an amendment to the zoning ordinance was duly passed by a city council, agreed that on the authority of that case certiorari was proper in the instant case. The question thus raised is important in the interests of orderly practice.

It is well settled that the common-law limitations of certiorari prevail in this state. That writ is confined to the review of the judicial action of inferior courts or of any public officer, department, board or bureau of a municipality exercising under the law judicial or quasi-judicial functions. Every act involving judgment or discretion is not necessarily a judicial act even though notice and hearing be required before such act may be performed. The determination of whether an act is judicial or quasi-judicial and not in substance purely legislative or administrative in character depends upon the nature of the act rather than the officer or body performing it. See *Thayer Amusement Corp.* v. *Moulton*, 63 R. I. 182; *McCarthy* v. *Board of Aldermen*, 38 R. I. 385; *Newell* v. *Franklin*, 30 R. I. 258; *Greenough* v. *School Committee*, 27 R. I. 427; *Lonsdale Co.* v. *License Comm'rs*, 18 R. I. 5; *Dexter* v. *Town Council*, 17 R. I. 222.

While the judicial history of this state manifests a strong purpose to review by certiorari the exercise of judicial power by inferior or quasi-judicial tribunals, yet fundamentally we adhere to the principles governing that writ as at common law. The overwhelming weight of authority is that, unless otherwise provided by statute, certiorari will not lie to review proceedings purely legislative or administrative in character. We are in accord with that law and this court has so held in *Sisson* v. *Peloquin*, 133 Atl. (R.I.)

621; *Greenough* v. *School Committee, supra; Donahue* v. *Town Council,* 25 R. I. 79.

The next question for consideration is whether under the act the petitioner has the right to a review of the proceedings involved in the instant case by certiorari. The challenged action of the council in this instance is clearly legislative and in no sense judicial. Unless the act gives the petitioner such right this court will not review by certiorari the purely legislative action of a city or town council. A close examination of the act discloses no provision therein which either in express language or by necessary implication gives a party, who considers himself aggrieved by the action of a city or town council in enacting, amending or repealing a zoning ordinance, a review of such action as of right by certiorari. This does not mean that the petitioner is left without remedy. When his rights are injured or substantially threatened with injury by the enforcement of the alleged illegal amendment to the zoning ordinance and he is able to establish the illegality of such amendment, he. has ample remedy through the ordinary proceedings in equity.

The case of *Rhode Island Episcopal Convention* v. *City Council, supra,* upon which both parties with good reason rely, is in our judgment clearly inconsistent with the principles governing certiorari as set forth in all our cases decided prior thereto. Neither the opinion nor the briefs in that case disclose how it came before this court. Jurisdiction not being contested, the court probably overlooked the method by which the case was brought before it and concerned itself entirely with the determination of the question at issue on the merits. In any event, it is now our considered opinion that such case does not stand as an authority for the proposition that the purely legislative or administrative action of a city or town council in enacting, amending or repealing a zoning ordinance may be reviewed in this court as of right by certiorari. To construe the

act as authorizing such review would be to add a provision amounting to pure judicial legislation.

The writ heretofore issued is quashed, and the papers certified pursuant thereto are ordered returned to the respondents with our decision endorsed thereon.

*Aram A. Arabian,* for petitioner.

*Richard F. Canning,* City Solicitor, for respondents.

*Gardner, Day & Sawyer,* for Budlong Rose Company.