**COMMERCE OIL REFINING CORPO-RATION, Plaintiff,**

v.

**William W. MINER et al., Defendants.**

**Civ. A. No. 2113.**

United States District Court
D. Rhode Island.

Feb. 7, 1958.

**6**

Andrew P. Quinn, Daniel J. Murray, A. Peter Quinn, Jr. (of Letts & Quinn), Providence, R. I., for plaintiff.

Cornelius C. Moore, Newport, R. I., James A. Higgins (of Higgins & McCabe), Providence, R. I., for defendants.

DAY, District Judge.

Plaintiff has moved under Rule 56, Fed.Rules Civ.Proc. 28 U.S.C.A., for the entry of summary judgment in its favor dismissing the counterclaim filed by the defendants, William W. Miner et al. and the counterclaim filed by the defendants, Burgess Lunsford et al. These counterclaims assert substantially similar grounds for relief although the verbiage in the latter with respect to threatened injury to rights and property is the more specific and detailed. Plaintiff's complaint consists of two counts. In the first count plaintiff alleges in substance that on or about September 27, 1956, a license to engage in the refining, manufacturing and processing of petroleum products was issued to it by the Town Council of the Town of Jamestown in accordance with the provisions of Chapter 50 of the ordinances of said Jamestown and that it paid a fee of $5,000 for said license; that refinery operations are a permissive use in a refinery use district in said town; that under the ordinances of said Jamestown, the laws of the State of Rhode Island and of the United States plaintiff has a right to construct and operate a plant for the purpose of conducting refinery operations and intends to construct and operate such a refinery forthwith in such a refinery use district in said Jamestown; that the defendants have unlawfully combined and conspired to harass, delay and prevent plaintiff from exercising its right to construct and operate said refinery in said Jamestown; that pursuant to said unlawful combination and conspiracy to deprive plaintiff of its said right, the defendants have unlawfully and maliciously resorted to the use of unlawful means including certain overt acts which are alleged therein; that it is informed and believes and alleges on information and belief that the defendants in furtherance of said unlawful combination and conspiracy intend to perform further acts to harass, delay and prevent

it from constructing and operating said refinery, and that it has been damaged in the sum of $500,000. In this count plaintiff demands that the defendants be enjoined during the pendency of this action and permanently "from unlawfully combining and conspiring against the plaintiff and from taking any action designed to harass, delay or prevent plaintiff from exercising its said rights, etc." and that it have judgment against the defendants and each of them in the sum of $500,000, the costs of this action and exemplary or punitive damages.

The second count alleges a cause of action arising under the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, with jurisdiction of this Court based on the provisions of the Clayton Act, 15 U.S.C.A. § 12 et seq., repeats the allegations with respect to the license, etc., contained in the first count, seeks similar injunctive relief as that demanded therein, judgment against the defendants and each of them in the sum of $1,500,000, reasonable attorneys' fees and costs.

Plaintiff's complaint was filed on February 11, 1957. Although plaintiff seeks equitable relief therein by way of an injunction against the defendants pending the hearing of this action, it has never sought to have its action assigned for hearing on said request.

Defendants' answers in addition to other defenses contend that the license upon which plaintiff relies is invalid, that the amendment to the zoning law of Jamestown creating a refinery use district is invalid and that the amendment to the building ordinance of Jamestown whereby plaintiff was excused from compliance therewith is invalid. In addition the defendants have filed counterclaims wherein they allege the invalidity of said license, the invalidity of said amendment to said zoning laws and of said amendment to the building ordinances. With respect to threatened injury from the proposed erection and operation of said refinery the counterclaim of the defendants William W. Miner et al. contains the following allegations in paragraph "10":

"10. The value of defendants' real estate will be substantially reduced and destroyed and defendants are irreparably and immeasurably damaged by the proposal to erect and the erection of a petroleum refinery within said refinery use district and defendants' said real estate will be rendered unfit and uncomfortable for the enjoyment of said real estate and the sale of said real estate rendered difficult, if not impossible, and, the operation of a petroleum refinery will constitute a continuing nuisance."

In the counterclaim of the defendants Burgess Lunsford et al., there are the following allegations with respect to threatened injuries to them and their properties:

"8. The proposal to erect and use said refinery and the erection and use of said refinery by the plaintiff will result in great and irreparable damage to these defendants in that their real estate will be exposed to great and eminent danger of fire and explosions and will be rendered uncomfortable, unenjoyable, untenantable and unfit for occupation by reason of the disagreeable, unwholesome and unhealthy vapors, gases, odors and smells from said refinery and will constitute a continuing public and private nuisance, and said real estate of these defendants has already been much depreciated in value by the proposal to erect and use the refinery and will depreciate very much more if said refinery is erected and used."

"9. The proposal to erect and use and the erection and use of the said refinery under the purported authority of Section 21 of Chapter 333 of the 1938 General Laws of Rhode

Island, as amended, Chapter 50 as amended, Chapter XXXV and Chapter XLIV as amended, of the Ordinances of the Town of Jamestown, and the license granted thereunder has substantially diminished and will substantially destroy the value of said real estate of the defendants in violation of Article V and Section 1 of Article XIV of the Amendments to the Constitution of the United States of America."

In their counterclaims the defendants seek a declaratory judgment that said license and amendments are void and temporary. and permanent injunctions against the plaintiff enjoining it from taking any action or doing any act purported to be authorized under said license or amendments.

Here it may also be observed that no motion has ever been made by the defendants to assign their counterclaims for hearing on their prayers for a temporary injunction.

Plaintiff in its reply to the counterclaims denies that the license and amendments are invalid and further by way of defense to said counterclaims alleges that the defendants have been guilty of such laches as should in equity bar them from maintaining said counterclaims because the plaintiff "in reliance on the validity of said ordinances and said license" and on defendants' failure to bring any legal or equitable proceedings to challenge the validity thereof has taken certain steps, including the acquisition of lands, the expenditures of large sums of money, etc.

From the foregoing it will be seen that among other issues, the pleadings clearly raise the issues of the validity of the license and the amendments upon which the plaintiff bases its claims to equitable relief and damages against the defendants.

While plaintiff's motion for summary judgment in its favor on the defendants counterclaims is very lengthy, its contentions may be summarized as follows: that it is entitled to judgment in its favor as a matter of law because (1) the licensing ordinance is null and void and hence plaintiff was not required to obtain said license, (2) .defendants have no right to attack the validity of said license, (3) said license is valid, (4) the amendment to the zoning ordinance is invalid and therefore there are no zoning restrictions upon the use of land in Jamestown, (5) said amendment is valid, (6) defendants have no right to attack the validity of said amendment, (7) if the amendment to the building ordinance is invalid, plaintiff has a right to construct its refinery in compliance with the building ordinance as it existed prior to its purported amendment, (8) defendants have no right to attack the validity of said amendment, (9) said amendment was properly enacted and is constitutional and valid as a matter of law and (10) because the defendants in their counterclaims fail to state a claim upon which relief can be granted.

Plaintiff filed affidavits in support of its motion which relate to the proceedings and actions taken by the Town Council when the amendments to the zoning and building ordinances and license ordinance were enacted and the license issued to the plaintiff. Neither of these affidavits relates or makes any reference to the allegations of injuries and threatened injuries in the counterclaims.

It is well settled that a party who moves for summary judgment has the burden of showing the complete absence of any genuine issue of material fact as to all the material facts which under applicable principles of substantive law entitle him to judgment in his favor as a matter of law. "A litigant has a right to a trial where there is the slightest doubt as to the facts". Peckham v. Ronrico Corporation, 1 Cir., 1948, 171 F.2d 653,

657. And in Landy v. Silverman, 1 Cir., 1951, 189 F.2d 80, at page 82, the Court says:

"That one reasonably may surmise that the plaintiff is unlikely to prevail upon a trial, is not a sufficient basis for refusing him his day in court with respect to issues which are not shown to be sham, frivolous, or so unsubstantial that it would obviously be futile to try them."

Here the plaintiff in filing its complaint invoked the jurisdiction and aid of this Court to vindicate and protect certain rights it alleges it had obtained from the Town of Jamestown, namely, a license to erect and operate a refinery in a refinery use district of said Jamestown. The ownership of such license and the property right to avail itself of the benefits thereof in Jamestown are the rights claimed to have been invaded and injured by the defendants with resultant damages to the plaintiff. And it is for the protection of these rights that the plaintiff seeks the aid of this Court. For the purposes of this action and its just determination, the issues of the validity of said license and amendments which have been raised by the defendants in their counterclaims (see Rule 13, F.R.C.P.) are vital and cannot be said to be sham, frivolous or unsubstantial.

In my opinion plaintiff's argument that irrespective of the validity of its license and the validity of the amendments to the zoning and building ordinances it has a right at common law to build and operate its refinery while ingenious is beside the point.

Having in mind the authorities cited herein as to the circumstances under which a motion for summary judgment may be properly granted, I do not think that the affidavits filed in support of plaintiff's motion are sufficient in law to warrant such action. In particular, the affidavit of the Town Clerk fails to meet the requirements of Rule 56(e), F.R.C.P. Many of the factual allegations therein are not made on her personal knowledge and she would not be competent to testify as to them if called as a witness in the trial of this litigation. There are in my opinion genuine issues of material fact as to the circumstances at the time of the issuance of the license and adoption of the amendments that are in dispute and which should be considered in determining the legality of the several actions of the Town Council. Under the law of Rhode Island if the rights of the defendants are injured or substantially threatened with injury by the enforcement of an alleged illegal amendment to the zoning law or by the exercise of a permit illegally granted, they have a standing to seek relief by proceedings in equity. R. I. Home Builders v. Hunt, 1948, 74 R.I. 255, 60 A.2d 496; R. I. Home Builders v. Budlong Rose Co., 1950, 77 R.I. 147, 74 A.2d 237; Alianiello v. Town Council of Town of East Providence, R.I.1955, 117 A.2d 233; Order of St. Benedict in Portsmouth v. Town Council, R.I.1956, 120 A.2d 329.

The final ground of plaintiff's motion is that paragraph "10" of the counterclaim of the defendants, William W. Miner et al. and paragraphs "8" and "9" of the counterclaim of the defendants, Burgess Lunsford et al., fail to state claims upon which relief can be granted. Insofar as this ground is concerned, plaintiff's motion is in effect a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12, F.R.C.P.

Under Rule 8, F.R.C.P., a pleading which sets forth a claim for relief, whether an original claim or counterclaim, need contain only a short and plain statement of the claim showing that the pleader is entitled to relief and each averment thereof shall be simple, concise and direct. It is generally held that a motion to dismiss a pleading for failure to state a claim should not be

**10**

granted unless it appears to a certainty that the pleader cannot possibly be entitled to relief under any state of facts which could be proved in support of the allegations of the pleading. 2 Moore's Fed.Prac., 2 Ed., § 8.13, p. 1653. And for the purposes of a motion to dismiss for failure to state a claim the pleading attacked should be viewed in a light most favorable to the pleader. Keenan v. Looney, 10 Cir., 1955, 227 F.2d 878; Chicago & North Western Ry. Co. v. First Nat. Bank, 7 Cir., 1952, 200 F.2d 383; Atlantic Coast Line R. Co. v. Mims, 5 Cir., 1952, 199 F.2d 582; John Walker & Sons v. Tampa Cigar Co., Inc., 5 Cir., 1952, 197 F.2d 72; Callaway v. Hamilton Nat. Bank of Washington, 90 U.S. App.D.C. 228, 195 F.2d 556; Whitmarsh v. Durastone Co., D.C.R.I.1954, 122 F. Supp. 806.

 In my opinion it cannot be said from an examination of said paragraphs of said counterclaims that it appears to a certainty that the defendants cannot possibly be entitled to relief under any state of facts which could be proved in support of the allegations contained therein. That one may reasonably surmise that the defendants are unlikely to prevail on their counterclaims is not sufficient ground to deny them their day in court. And it is not for me to speculate as to the nature or weight of the evidence which they may produce at trial. It is conceivable that they may establish a set of facts which would entitle them to relief under the law of Rhode Island. See Aldrich v. Howard, 1861, 7 R.I. 87; Seidner, Inc., v. Ralston Purina Co., 1942, 67 R.I. 436, 24 A.2d 902. The case of O'Reilly v. Perkins, 1901, 22 R.I. 364, 48 A. 6, upon which the plaintiff relies heavily is in my opinion clearly distinguishable from the instant case.

For the foregoing reasons the plaintiff's motion for the entry of summary judgment in its favor dismissing the defendants' counterclaims is denied.