TOWN & COUNTRY MOBILE HOMES, INC. *vs.*
ZONING BOARD OF REVIEW OF THE CITY OF PAWTUCKET.

NOVEMBER 17, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is a petition for certiorari to review the action of the zoning board of review, hereinafter called the board, of the city of Pawtucket, in sustaining a refusal of a use permit by the building inspector to the petitioner. The prayer of the petition is that the action of the board

be reversed, the petitioner's appeal be sustained, and the building inspector be ordered to issue the use permit as applied for. Pursuant to the writ, the respondent board has made a return to this court of all pertinent records.

The petitioner, a Rhode Island corporation, is the owner of several lots of land, approximately sixteen acres, located on the southerly side of Columbus avenue in the city of Pawtucket. It purchased the land on November 12, 1958, at which time the property was zoned industrial A, wherein a mobile home trailer park was a permitted use. The record discloses that it was for such a use that the petitioner purchased the property.

It further appears that the purchase price was $25,000, $7,000 of which has been paid and an $18,000 note payable to the seller and secured by a mortgage on the premises in question remains outstanding. The record also discloses that several weeks prior to the actual purchase of the property, petitioner entered into a sales agreement and immediately thereafter, in reliance on the fact that the property was located in an industrial A zone, commenced extensive and costly preliminary work consisting of engineering surveys and grading. This work continued through January 5, 1959.

The Pawtucket zoning ordinance was originally enacted in 1928, at which time the property in question was zoned industrial A and continued as such under the 1953 revision. Section 26.16 of that revision also provided for the issuance of a use permit by the building inspector. On December 8, 1958 counsel for petitioner apparently made an informal inquiry as to the necessity of obtaining a use permit and was advised that in the circumstances no such permit was required.

Subsequently, pursuant to duly advertised notices, the city council conducted a public hearing on January 28, 1959 relative to changing the zone of petitioner's land from industrial A to residential B. Dwinal Fraser, president of

petitioner corporation, appeared at the hearing and registered objection to the proposed amendment. However, it was adopted and signed by the mayor on February 26, 1959. It is admitted that a mobile home trailer park is not a permitted use in a residential B zone.

Thereafter petitioner apparently continued to improve the premises despite the change of zone, and although the record is not fully informative it appears that the work came to a stop as a result of litigation which is still pending in the superior court between petitioner and the city.

It is a part of the record that on December 29, 1959, petitioner, by its president, made formal application to the building inspector for a use permit which was denied on the same day. The building inspector in refusing the permit gave as his reasons that at the time the application was filed the property in question was zoned residential B and that the intended use was not permitted within such zone. The petitioner duly appealed to the board which, after a protracted hearing, on April 26, 1960, advised the petitioner that for the reasons relied upon by the building inspector his refusal to grant said use permit is affirmed and the petitioner's appeal denied.

The petitioner contends that the enactment of the amendment to the ordinance by the city council was illegal and capricious and in violation of general laws 1956, chapter 45-24, and related statutes in that it does not conform to the character and nature of the surrounding property nor to a comprehensive plan, and is in fact "spot zoning."

The petitioner also contends that even if we were to find that the amendment in question is valid, nevertheless the decision of the board should be reversed for the reason that the costly improvements made by it in reliance on the status of the property at the time of purchase has created strong equities. It cites several authorities in support of such contention.

The petitioner's first contention is without merit. It

seeks to have this court pass upon the action of the city council in adopting the amendment rezoning petitioner's property and to which amendment petitioner duly objected at the time of its adoption.

It is now well settled that we will adhere to the common-law function of certiorari unless the scope of the writ has been extended by the legislature in specified cases. It is equally well settled that the provisions of general laws 1956, §45-24-20, of the enabling act, have not extended the scope of the writ so as to require a review of a purely legislative act on a petition for certiorari in zoning cases. We have previously observed that the enactment of a zoning ordinance or amendment thereto is a legislative act. *R. I. Home Builders, Inc.* v. *Hunt,* 74 R. I. 255; *Siegl* v. *Town Council,* 75 R. I. 502.

It was the clear duty of the board in acting on the petitioner's appeal to assume the validity of the amendment on which the building inspector relied in refusing the use permit, since nothing in the enabling act can be construed as conferring on boards of review jurisdiction to pass on the validity of zoning ordinances or amendments thereto.

In *R. I. Home Builders, Inc.* v. *Hunt, supra,* at page 259, the court observed, "When his rights are injured or substantially threatened with injury by the enforcement of the alleged illegal amendment to the zoning ordinance and he is able to establish the illegality of such amendment, he has ample remedy through the ordinary proceedings in equity." We are of the opinion that the petitioner's second contention is without merit at least in these proceedings and is governed by the same recourse to equity as is indicated by the court in *R. I. Home Builders, Inc.* v. *Hunt, supra.*

The board was without jurisdiction to consider the principle of equitable estoppel based on substantial expenditures on the property made at a time when the land was zoned industrial A, which was raised by petitioner in its

appeal. Although in exercising its discretion the decisions of the board are quasi judicial in nature, nothing contained in the enabling act setting forth the power of boards of review is so broad as to authorize a construction consistent with petitioner's contention. It not being within the authority of the board to sustain petitioner's appeal, we will not reverse the board's decision but will leave petitioner to pursue its remedy in equity.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records in the case which have been certified to this court are ordered sent back to the respondent board with our decision endorsed thereon.

*J. Frederick Murphy, John F. Cuzzone, Jr.,* for petitioner.

*John A. O'Neill, Harvey J. Ryan,* for respondent.

*Goodman, Gorin & Blease,* for amicus curiae.