TOWN & COUNTRY MOBILE HOMES, INC. *vs.* INSPECTOR OF BUILDINGS, CITY OF PAWTUCKET *et al.*

DECEMBER 8, 1961.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

PAOLINO, J. This bill in equity was brought to enjoin the respondents from enforcing a certain amendment to the zoning ordinance of the city of Pawtucket and to declare it illegal, null and void in so far as it related to the complainant's property. After a hearing before a justice of the superior court a decree was entered granting the prayers of the bill. The cause is before us on the respondents' appeal from such decree.

The issue in this case is whether an amendment to the zoning ordinance changing the zone of complainant's land was adopted in pursuance of the comprehensive plan for zoning in effect in the city.

On November 12, 1958 complainant purchased the land involved in this suit. It consists of approximately 16 acres and was part of a larger parcel of land which was zoned industrial A when the original zoning ordinance was enacted. It adjoins land zoned industrial A and is in close prox-

imity to other industrially zoned land as well as to a residence B district. The complainant purchased the property for the purpose of using it for a mobile home trailer park, a use not prohibited under the ordinance at that time.

In reliance on the fact that the zoning permitted such use, complainant immediately commenced extensive and costly preliminary work consisting of engineering surveys and grading in improving the land for the proposed use. It also entered into certain contracts obligating itself to expend further sums of money. In addition to the purchase price, it expended approximately $4,000 for survey and map work and $5,000 on an excavation and grading contract.

The original zoning ordinance of the city of Pawtucket was enacted in 1928. At that time the land in question was zoned industrial A and was continued as such under the 1953 revision. Sections 26.16 and 26.17 of chapter 26 of the 1953 revision provided for the issuance of a use permit by the building inspector. On December 8, 1958 complainant made informal inquiry of the building inspector as to the necessity of obtaining a use permit for its proposed use of the premises and was advised that in the circumstances no such permit was required. The complainant continued the work on the premises through January 5, 1959.

Thereafter the city council commenced proceedings to amend the ordinance by changing only the zoning of complainant's land from industrial A to residence B, in which a mobile home trailer park would not be a permitted use. After a public hearing on January 28, 1959, the amendment was adopted over complainant's objection and went into effect on February 26, 1959. Sometime thereafter complainant was notified by the board of appeals of said city to cease using its premises for commercial uses. As a result of such notice the original bill of complaint in this matter was filed by complainant.

Following certain rulings on the pleadings by the superior court complainant on December 29, 1959 filed an applica-

tion with the building inspector for a use permit under sec. 26.16 of the 1953 revision of the ordinance. He denied the application and the board of appeals sustained his ruling. After a hearing in this court complainant's petition for certiorari to review the board's action was denied and dismissed. See *Town & Country Mobile Homes, Inc.* v. *Zoning Board of Review*, 91 R. I. 464, 165 A.2d 510. In that case, however, we held that the complainant could pursue its remedy in equity.

On December 22, 1960 complainant filed a second amended bill of complaint, and after the pleadings were closed the cause was heard on the merits in the superior court. The complainant contended that the amendment was arbitrary, capricious and unreasonable because it was not adopted pursuant to a comprehensive plan as required by the enabling act.

After reviewing the evidence the trial justice made the following findings of fact: The amendment applied solely to complainant's land; a mobile home trailer park was a permitted use in an industrial A zone; prior to the enactment of the amendment complainant had spent a considerable sum of money in preparing the land for the proposed use; no evidence had been presented showing that other industrial land in the area had been converted to residence use; in the absence of evidence to the contrary he would assume that the land in the vicinity used for residences was zoned residential B by the original zoning ordinance; because of the nature of complainant's land, it could not be used for the purpose permitted by the amendment; the amendment deprived complainant of its property rights without due process; and the complainant had satisfied him that the amendment was not justified.

The trial justice noted in his decision that the original zoning ordinance was enacted in accordance with a comprehensive plan, but he found that the amendment was a capricious and unreasonable restriction of complainant's prop-

erty. Implicit in such finding is the conclusion of the trial justice that the amendment was not adopted in pursuance of the comprehensive plan for zoning in effect in the city. He therefore held that in so far as it related to the land in question, the amendment was null and void.

The respondents contend that the decree is against the law and the evidence and the weight thereof. In considering their contention that the decree is against the evidence, we have carefully examined the transcript and the exhibits in evidence. The decree is based on the findings of fact made by the trial justice. Unless those findings are clearly wrong they will not be disturbed by this court. *DiLibero v. Tagliaferri,* 76 R. I. 302. In our opinion the pertinent findings are supported by the evidence and we cannot therefore say that they are clearly wrong.

The question remains whether the trial justice applied the correct law to such findings or whether he overlooked or misconceived any material evidence. The respondents contend that there has been a substantial change of conditions in the area since the enactment of the original ordinance and that therefore the council was justified in adopting the amendment in question. They also contend that the size and area of complainant's land justified the council's action.

On the basis of the record before us it is not necessary to consider such contentions. Although the size and area of a parcel of land, or a substantial change of conditions, may have a bearing on the validity of an amendment rezoning land in a particular case, the narrow issue here is whether there is any evidence in the record indicating that the amendment was adopted pursuant to a comprehensive plan. When changing zoning regulations by amending a part of the ordinance, the local legislature is required under G. L. 1956, §§45-24-3 and 5, to have such change conform to the comprehensive plan of zoning in effect in the muni-

cipality. This requirement is mandatory. *Cianciarulo* v. *Tarro*, 92 R. I. 352, 168 A.2d 719.

There is no evidence in the record showing that the city council exercised its amendatory power in this instance in conformity with the comprehensive plan of zoning in effect in the city. They therefore exceeded their statutory authority. In the circumstances we cannot say that the trial justice overlooked or misconceived any material evidence. In our opinion his decision and the findings of fact on which it is based are correct and the decree is not against the law or the evidence or the weight thereof.

The respondents' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*J. Frederick Murphy, John F. Cuzzone, Jr.*, for complainant.

*John A. O'Neill*, City Solicitor, *Harvey J. Ryan*, Assistant City Solicitor, for respondents.

HERBERT D. HARRIS *vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

DECEMBER 13, 1961.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

PAOLINO, J. This is an action of assumpsit to recover a death payment under a family policy of life insurance. After a hearing before a justice of the superior court sitting without a jury, a decision was entered for the plaintiff. The case is before us on the defendant's exception to such decision.

In November 1958 Harold J. Gildea, defendant's agent, solicited plaintiff about the purchase of life insurance. On November 18, 1958 plaintiff signed an application for a "family policy" in which he listed as proposed family members his wife, two sons and a daughter, and two grandchildren, Brian R. Watts and Ronald J. Watts. The agent filled out the application with information furnished by plaintiff. The grandchildren were each described in the application as "Grandson." They were living with plaintiff when the application was signed and when the policy was issued.

Part A of the application is entitled "Statements to Company's Agent." Paragraph (a) thereof reads as follows:

"Proposed Family Members (Applicant, Applicant's Wife and Applicant's Children). All children, stepchildren and legally adopted children of the Applicant who are under 18 years of age should be proposed for coverage; however, no insurance shall be provided on children until 14 calendar days have elapsed after birth."

On February 5, 1959 defendant issued a policy to plaintiff, with a copy of the application attached and made a part thereof. The policy provides insurance benefits of $5,000 on the life of plaintiff, $1,000 on the life of plaintiff's wife, and $1,000 on each "Covered Child" as defined in the policy. The policy defines "Covered Child" as follows:

"The phrase 'Covered Child' means a child who is more than 14 days of age and has not passed his or her 25th birthday, and who is a child or stepchild of the Insured by marriage or legal adoption either.

"a. Named in the application and has not had his or her 18th birthday on or before the date of the application, or

"b. Acquired on or after the date of the application and before the policy anniversary nearest the Insured's 60th birthday and before the child's 18th birthday."

The policy describes the plaintiff as the "Insured." He is also designated as the beneficiary, if living, of the proceeds payable in the event of the death of his wife or of any of those covered under the phrase "Each Covered Child."

On October 24, 1959, Brian R. Watts, one of the grandchildren designated in the application, died in Paragould, Arkansas, at the age of two years and ten months. The plaintiff demanded payment from the defendant of the sum of $1,000 under the policy. The defendant disclaimed liability on the ground that plaintiff's deceased grandson was not a "Covered Child" under the terms of the policy.

The only question before us is whether the decision for plaintiff is justified. In the peculiar circumstances of this case, it is our opinion that plaintiff is entitled to recover. The application is admittedly a part of the policy. Both instruments were prepared by defendant whose agent, Mr. Gildea, inserted the name of the deceased grandson.

Moreover, the application contains the following provision:

"If errors or omissions in the application are discovered by the Company, it is authorized to amend this application by noting the change in the space on Page 1 entitled 'Corrections and Amendments', and the acceptance of any policy issued on this application, so amended, shall constitute a ratification by me of any such changes or amendments, but no change of amount,

classification, plan of insurance, or additional benefits shall be effective, unless agreed to in writing by me."

Although defendant was chargeable with knowledge that the name of the deceased grandson was included among the proposed family members, it attached the application to the policy and made it a part thereof without any corrections or amendments. The defendant's action in so doing amounted to affirmative conduct on its part upon which plaintiff had reason to rely. Had defendant corrected or amended the application, as it had a right to do, and, in our opinion, as it should have done, plaintiff could have changed his position accordingly instead of relying on defendant's conduct to his disadvantage.

It is our opinion that in the circumstances of this case the defendant is estopped from claiming the benefits of the exclusionary provisions of the policy. See *Personal Finance Co.* v. *Henley-Kimball Co.*, 61 R. I. 402, 411. On the view that we take there is no merit to the defendant's contentions that there was no meeting of the minds and therefore no valid contract, or that the plaintiff's acceptance and retention of the policy as issued amounted to a ratification of the exclusionary provisions of the policy with respect to the plaintiff's deceased grandson.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Robert N. Greene,* for plaintiff.

*Hurley, Moriarty & Moakler, John W. Moakler, John F. Sherlock, Jr.,* for defendant.