[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Zoning Board of Review for the Town of Charlestown. This appeal was pending in the Washington County Superior Court and it was transferred to the Newport Superior Court for assignment and disposition by order of the Presiding Justice dated December 1, 1992. Jurisdiction in this Court is pursuant to that Order and G.L. 1956 (1991 Reenactment) § 45-24-20.
FACTS/TRAVEL
In 1961, Patricia Van Steenburgh (Plaintiff) and her late husband, purchased a lot identified in Plat Book 3 as lot number 31. The plaintiff proceeded to build a home on lot 31 and currently resides in that home at 319 Pond Shore Drive in the Town of Charlestown. Lot 31 has an area of approximately 10,000 square feet. In April of 1975, plaintiff and her late husband purchased lot 30, which they also held as joint tenants. Lot 30 is adjacent to lot 31 and north thereof and also has an area of 10,000 square feet. Plaintiff, in her sole name, due to the death of her husband, purchased lot 32 in September of 1980. Lot 32 has an area of slightly less than 10,000 square feet and is adjacent to lot 31 to the south. In 1980, all three lots were in the sole name of the plaintiff. The lots are located in an R-80 zone, which requires a minimum lot size of 80,000 square feet pursuant to Section 218-28 of the Charlestown Zoning Ordinance. The combined area of the three contiguous lots is approximately 30,000 square feet.
In November of 1989, plaintiff conveyed lot 30 to Mario C. Silva (Silva). Subsequently, the Building Inspector for the Town of Charlestown, relying upon Section 218-28 of the zoning ordinance, issued a decision that lots 30 and 31 and 32 had merged and that the sale of lot 30 constituted a violation of the merger provision. The plaintiff then appealed this decision to the Zoning Board of Review (Board).
A series of hearings were publicized and held before the board on this issue. The plaintiff, after establishing that date of purchase of the lots and the current ownership, presented a legal argument that under the zoning ordinance, lots 30 and 31 have not merged and therefore, the sale to Mr. Silva was proper. The plaintiff argued that the lots have not merged because the language of the merger provision was only effective to merge contiguous lots under single ownership which were held in that manner on the effective date of the ordinance, which was July 8, 1974. The plaintiff further argued that since lot 30 was purchased in 1975, the ordinance was not effective to merge the two lots.
The board, after hearing this testimony and that of neighboring landowners, unanimously voted to reject the plaintiff's legal argument that the lots have not merged and held that the sale of lot 30 to Mr. Silva was improper. The board found that the lots qualify as contiguous lots and were properly merged as a matter of law pursuant to a valid zoning provision. The board further found that the language of the merger provision of Section 218-60 acted to merge lots 30 and 31 despite the fact the two lots were not under single ownership until after the effective date of the ordinance. The plaintiff then filed a timely appeal requesting this Court to reverse the board's decision and hold that the conveyance from the plaintiff to Mr. Silva was proper.
APPELLATE REVIEW OF MUNICIPAL ZONING BOARD DECISIONS Section 45-24-20, R.I.G.L., 1956, as amended, sets out with particular clarity the scope of review authorized in this Superior Court from appeals of decisions of local zoning boards.Section 45-24-20 reads in pertinent part as follows:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In performing its judicial duties as prescribed in § 45-24-20,
this Superior Court cannot substitute its judgment for that of the zoning board. However, this Court must examine the full record to determine whether the findings made by the Zoning Board were supported by substantial evidence. Apostolou, et al. v.Genovesi, et al, 120 R.I. 501, 507, 388 A.2d 821 (1978).
Substantial evidence has been defined as being more than a scintilla, but less than a preponderance, and being relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Caswell v. George Sherman Sand GravelCo., 424 A.2d 646, 647 (1981). Apostolou, et al v. Genovesi,et al., 120 R.I. 501, 507 (1978).
APPLICABILITY OF ORDINANCE
On July 8, 1974, the Town of Charlestown enacted its zoning regulations and the area in which plat 3 is located was rezoned from a R-10 to a R-80 district. On this date, Article VIII Section C of the Charlestown Zoning Ordinance was also enacted to authorize the merger of contiguous substandard lots under single ownership. At that point in time, the plaintiff was the record owner of only lot 31. In 1975, plaintiff then purchased lot 30 which is contiguous to lot 31. As previously stated, the subject lots are located in an R-80 district requiring a minimum lot size of 80,000 square feet. The size of the two subject lots is 20,000 square feet. Merger generally requires the combination of two or more contiguous lots of substandard size that are held in common ownership in order to meet the minimum square footage requirements of a particular zoned district. R.J.E.P. Associatesv. Hellewell, 560 A.2d 353, 355 (R.I. 1989). In 1984, Section C of Article VIII was amended to create Section 218-60 which is essentially identical to the previous section except for the changing of the word "Ordinance" to "Chapter."
Plaintiff contends that the wording of chapter 218-60 operates only to merge contiguous substandard lots on the effective date of the chapter. Section 218-60 states in pertinent part:
 If two or more contiguous lots are held under single ownership on the effective date of this chapter, such lots shall be considered to be an undivided parcel of land for the purposes of this chapter and no single lot or portion thereof shall be used in violation of the requirements of 218-28 as to lot width and area.
The plaintiff language of the phrase "on the effective date of this chapter" clearly supports the plaintiff's contention that any contiguous substandard lot not held under single ownership on the effective date of this chapter would not be merged by operation of law by a subsequent purchase of a contiguous lot thereby bringing the two lots under single ownership. The plaintiff's contention, while valid, does not render the board's decision arbitrary or capricious because the plaintiff owned both lots 30 and 31 when the subsequent 1984 amendment of the zoning ordinance and Section 218-60 were enacted by the Town of Charlestown.
Any judicial attempt at statutory interpretation is controlled by [the] maxim that the plain and ordinary language of the legislation be given effect. Mullins v. Bordeleau,517 A.2d 600 (R.I. 1986). While the board in its decision is incorrect in its interpretation of Section 218-60, that the section operates to merge substandard lots purchased after the date of the ordinance, the decision that the two lots have merged was a proper one.
There is no debate that the plaintiff owned lots 30 and 31 on October 29, 1984. On that date the Charlestown Zoning Ordinance was amended by the adoption of Chapter 137 of the Code of Charlestown.[1] Chapter 137 constituted a major revision of the town's zoning ordinance and established new zoning district of sizes different from the earlier 1974 ordinance. Also on that date in 1984, that town adopted the amended merger provision of Section 218-60, supra, and the chapter clearly states this amendment in its title. While the change in Section 218-60 was only a technical one in nature, the town chose to adopt the amended version in 1984. If the town wished the merger provision to be effective only for contiguous, substandard lots held in 1974, it could have declined to adopt this amended version or simply stated this fact in the amended chapter. As a result, the merger provision, as amended in October of 1984, is effective to merge lots 30 and 31 because the lots were contiguous, substandard lots held under the single ownership of the plaintiff on the effective date of the chapter.
CONSTITUTIONALITY OF THE ZONING AMENDMENT
The plaintiff next contends that the reclassification of Plat 3 and the surrounding area from a R-10 to R-80 zone was an unconstitutional exercise of police power. This argument is without merit.
The authority conferred upon a zoning board of review is pursuant to G.L. 1956 (1991 Reenactment) § 45-24-19. Pursuant to the provisions of § 45-24-19, section 218-23 of the Charlestown Zoning Ordinance empowers the zoning board to hear appeals decisions of the building inspector, grant special exceptions, variances, deviations and allow for certain earth removal operations. There is no authority conferred upon a board of review to pass upon the constitutionality of an amendment.
The Rhode Island Supreme Court in Town and Country MobileHomes Inc. v. Zoning Board of Review of Pawtucket, 91 R.I. 464, 468, 165 A.2d 510, 512 (1960), succinctly stated:
 It is the clear duty of the board [of review] in acting on petitioner's appeal to assume the validity of an amendment on which the building inspector relied in refusing to [issue] the permit, since nothing in the enabling can be construed upon boards of review to pass upon the validity of zoning ordinances or amendments thereto.
Furthermore, it is well settled that a zoning amendment is a legislative act. Camara v. City of Warwick, 116 R.I. 395, 407,358 A.2d 23, 29 (1976). There is no authority conferred upon this Court pursuant to G.L. 1956 (1991 Reenactment) § 45-24-20 so as to require review of a purely legislative act on a petition in a zoning case. See, R.I. Home Builders, Inc. v. Hunt,74 R.I. 255, 60 A.2d 496 (1948).
In R.I. Homebuilders, the court when speaking of the petitioner observed, "When his rights are injured . . . by the enforcement of the alleged illegal amendment to the zoning ordinance and he is able to establish the illegality of such amendment, he has ample remedy through the ordinary proceedings in equity." Id. at 259, 60 A.2d at 498 (1948). Plaintiff's constitutional argument is without merit in these proceedings and this Court, pursuant to § 45-24-20, has no jurisdiction to rule on the constitutionality of the subject zoning amendment. As a result, this Court must decline to rule on the constitutionality of the amendment of the Charlestown Zoning Ordinance in this proceeding.
After review, this Court finds that the decision of the zoning board is neither clearly erroneous in view of the evidence nor arbitrary or capricious but in fact was based upon substantial evidence found in the whole record. Accordingly, the decision of the Zoning Board of Review of the Town of Charlestown is affirmed.
[1] The code of the Town of Charlestown was recodified with the adoption of Chapter 171 of the Code of the Town of Charlestown in June of 1989. As a result, Chapter 137 was renumbered as Chapter 218 and the provisions of Article VIII, Section 1(c) were recodified as Sections 218-60 (ab).