CONSOLIDATED REALTY
CORPORATION

v.

TOWN COUNCIL OF the TOWN OF
NORTH PROVIDENCE et al.

85–102–M.P., 85–104–Appeal.

Supreme Court of Rhode Island.

Aug. 1, 1986.

Frank J. Williams, Providence, for plaintiff.

Joseph V. Cavanagh, Jr. (Edwards & Angell), Providence, Robert S. Ciresi, Town Sol. for Town of North Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This petition for certiorari was brought to review a Superior Court judgment ordering the North Providence Town Council (town council) to amend its zoning ordinance. The town council denied the petition of Consolidated Realty Corporation (Consolidated) to amend the town's zoning ordinance. Thereafter, Consolidated filed a complaint in the Superior Court, and the Superior Court reversed the decision of the town council and ordered enactment of the amendment. The petitioners filed a timely appeal and petitioned this court for a writ of certiorari. Without passing upon the validity of the appeal, we issued the writ and on October 29, 1985, entered an order consolidating the two. For reasons that will be set forth in the opinion, the appeal is hereby dismissed pro forma. We shall proceed to review the issues raised by the petition for certiorari.

Consolidated owns an irregularly shaped 84,500–square–foot lot on Smith Street in North Providence. In 1981 Consolidated petitioned the town council to amend the town's zoning ordinance so as to rezone its lot from limited residence to general residence to permit the construction of a multi-family dwelling for the elderly.

A public hearing on Consolidated's application was held before the town council on September 30, 1981. Consolidated presented five expert witnesses who testified in the fields of architecture, landscape design, civil engineering, traffic safety, and real estate appraisal and valuation. Numerous local residents testified against the proposed amendment, although no expert testimony was presented in opposition to the proposed amendment. The town council voted unanimously to deny the amendment.

On October 20, 1981, Consolidated filed a complaint in the Superior Court against the town council seeking review of the town council's decision. The town council filed a

timely answer, and a hearing was held before a Superior Court justice on July 15, 1983. At the hearing, the parties stipulated that the transcript of the town council proceedings could be admitted as a full exhibit. Consolidated presented one additional witness, Emilio A. Cerroni, the North Providence building inspector and zoning officer. The town council then challenged the jurisdiction of the Superior Court to review on appeal the town council's decision not to amend the zoning ordinance. The trial justice reserved decision on Consolidated's complaint and on the town council's motion to dismiss pending receipt of briefs from the parties.

On August 10, 1983, a group of interested property owners moved to intervene as party defendants. The trial justice granted the motion on October 26, 1983. Thereafter, the intervenors joined in the town council's motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Superior Court Rules of Civil Procedure.

On February 5, 1985, the trial justice issued a decision denying the motion to dismiss and granting Consolidated's request that the town council's decision be reversed. The trial justice found that the Superior Court, through its equitable powers, had jurisdiction to review the town council's decision and, relying upon the facts established in the record, further found that the town council's decision was arbitrary and capricious. In accordance with the trial justice's written decision, an order was entered on February 8, 1985, from which petitioners filed a timely appeal and petitioned for a writ of certiorari. The petition for issuance of a writ of certiorari was granted by this court on May 16, 1985.

This case raises an issue of first impression before this court, specifically, whether the Superior Court has jurisdiction to re-view a town council's refusal to amend a local zoning ordinance.

The Legislature has granted to municipalities the power to amend or repeal their zoning ordinances through action by either a city or town council. G.L.1956 (1980 Reenactment) § 45–24–5.[1] Actions taken by a city or town council pursuant to § 45–24–5 are considered purely legislative in character, *Mesolella v. City of Providence*, 439 A.2d 1370 (R.I.1982); *Alianiello v. Town Council of East Providence*, 83 R.I. 395, 117 A.2d 233 (1955); *Rhode Island Home Builders, Inc. v. Hunt*, 74 R.I. 255, 60 A.2d 496 (1948), and thus enjoy an initial presumption of validity and are not generally susceptible of judicial review unless violative of the city's entire comprehensive zoning plan. *Camara v. City of Warwick*, 116 R.I. 395, 358 A.2d 23 (1976). The instant case is distinguishable from the cited cases in that we are now confronted with a situation in which the challenge is to the Superior Court's jurisdiction to entertain an appeal from a town council's refusal to enact an amendment rather than a challenge to an amendment after passage. An examination of chapter 24 of title 45 reveals that the Legislature has made no provision for the courts to review, either by writ of certiorari or by appeal, the decision of a town or city council to deny an amendment to its zoning ordinance.

Consolidated concedes that when a local town council acts on a petition to amend a zoning ordinance, it is exercising a legislative function conferred upon it by chapter 24 of title 45. However, Consolidated argues that although it is exercising a legislative function, review of a city council's enactment or refusal to enact an amendment to a zoning ordinance is available through ordinary proceedings in equity when a party's rights are injured or substantially threatened with injury as a result of such legislative decision. In support of this proposition, Consolidated cites *Rhode*

1. General Laws 1956 (1980 Reenactment) § 45–24–5 provides in part:

"The city or town council, as the case may be, shall have power, after a public hearing as herein provided, from time to time to amend or repeal any such ordinance and thereby change said regulations or districts * * *."

*Island Home Builders, Inc., supra,* and urges this court to ignore the distinction between equitable review of an enacted amendment, as in *Rhode Island Home Builders, Inc.,* and review of a decision not to enact an amendment, as in the instant case. Upon review of our prior case law, we have found no basis for disregarding this important distinction.

There is no doubt that the Superior Court may invoke its equity jurisdiction when an attack centers on the legality of an enacted amendment to a zoning ordinance. *See Sweetman v. Town of Cumberland,* 117 R.I. 134, 364 A.2d 1277 (1976); *Camara v. City of Warwick,* 116 R.I. 395, 358 A.2d 23 (1976). In fact, the direct suit in equity is a long-established remedy in this jurisdiction for those who are injured or substantially threatened with injury by the enforcement of an allegedly illegal amendment to a zoning ordinance. *Mesolella,* 439 A.2d at 1373 n. 1. However, the party challenging the amendment has a difficult burden to overcome. A court will not weigh the policy or wisdom underlying the enactment of an amendment but will strike down an amendment only if it bears no reasonable relationship to the public health, safety, or welfare and is not in keeping with a comprehensive plan or is an arbitrary or discriminatory exercise of power. *Sweetman,* 117 R.I. at 145–47, 364 A.2d at 1285–86.

More important in relation to the case at bar, equity's jurisdiction to intervene where the attack centers on the legality of an amendment to a zoning ordinance does not by necessity imply the same jurisdiction where the challenge is to the legality of a town council's refusal to enact an amendment. Consolidated's reliance on our decision in *Kilduff Brothers Builders, Inc. v. Town Council of Johnston,* 447 A.2d 1142 (R.I.1982), in support of that proposition is misplaced. In *Kilduff,* the plaintiffs' attempt to have the town's zoning ordinance amended was denied. The town council's refusal to enact the proposed amendment was appealed to the Superior Court, where the decision to deny the amendment was reversed. However, in invoking jurisdiction, the trial justice erroneously relied upon § 45–24–20, the statute that supplies the Superior Court with jurisdiction to review on appeal the decision of municipal zoning boards. This court granted certiorari, and in a per curiam decision "remanded to the Superior Court [and advised the litigants to] be prepared to enlighten the trial justice as to whether the court's equitable powers should be invoked in an instance where a municipal legislature, in the exercise of its legislative prerogative, has decided not to amend the town's zoning ordinance." 447 A.2d at 1143. That remand in no way constituted an acknowledgment that the Superior Court's equitable jurisdiction extends to a situation in which a town council has refused to enact an amendment to a zoning ordinance. In fact, this court in *Kilduff* expressly avoided the issue of equity's jurisdiction to intervene when there has been a refusal to amend.

In some jurisdictions where the issue has been addressed, the view has been expressed that an injured party's recourse is to attack the validity and constitutionality of the underlying ordinance rather than the decision not to rezone. This principle has been succinctly expressed in *State ex rel. Humble Oil & Refining Co. v. City of Marion,* 4 Ohio App.2d 178, 181, 211 N.E.2d 667, 670 (1965), where the court stated:

"[A]lthough legislation may be held unconstitutional, either in its enactment or in its application, the failure or refusal to adopt *rezoning* legislation does not bring into existence at that time any legislation which may be held unconstitutional. If any unconstitutionality arises from a refusal to *rezone* it is because of the continued existence of previous legislation which may be unconstitutional either in its original enactment or in its present application and not because the act of the legislative body in refusing to repeal or amend such legislation is, in itself, unconstitutional."

To a similar effect was the decision in *Finn v. Township of Wayne,* 45 N.J.Super. 375, 132 A.2d 810 (1957), in which the court observed that it did not have the power to avoid the effects of inaction in the legislative domain.

 The cited authorities and this court recognize the important distinction between a challenge to the enforcement of an allegedly illegal zoning amendment on the ground that the purported amendment is violative of existing law, that is, not in accord with the comprehensive plan, as opposed to a claim that the town council erred in declining to amend the law.[2] We do not believe it to be at all inconsistent for an action to lie in the former case but not in the latter. To hold otherwise would, in effect, be analogous to holding that an action could lie against any legislative body that failed to enact proposed legislation. We need not detail the havoc that would follow such a holding. Accordingly, we are persuaded that the issue of the legislative action of the city council, or any legislative body, in failing to enact proposed legislation is not one that lends itself to judicial review. Thus, we find that the trial justice erred as a matter of law in determining that the Superior Court could invoke its equity jurisdiction to entertain Consolidated's complaint. Even though the trial justice's mandatory injunction directed to the town council was appealable as of right, since we have decided to review the issue by certiorari, we shall dismiss the appeal pro forma. Only one route of appellate review is required.

The absence of judicial review in situations in which a town or city council fails to enact a proposed amendment to a zoning ordinance does not leave an aggrieved petitioner without a remedy. Although an equitable remedy is not available in this situation, an administrative remedy is set forth in the enabling act. Section 45–24–19(c) specifically provides that the zoning board of review may

> "authorize upon appeal in specific cases such variance in the application of the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

This constitutional safeguard is designed to avoid the confiscatory effect that would follow a literal enforcement of a provision of a zoning ordinance that operates to deprive an owner of all beneficial use of his land. *Rozes v. Smith,* 120 R.I. 515, 518–19, 388 A.2d 816, 819 (1978); *Reynolds v. Zoning Board of Review of Lincoln,* 96 R.I. 340, 342, 191 A.2d 350, 352 (1963). The application of a variance is limited since a very strict showing of deprivation is necessary. *E.g., Gaglione v. DiMuro,* 478 A.2d 573, 576 (R.I.1984); *Weaver v. United Congregational Church,* 120 R.I. 419, 423, 388 A.2d 11, 13 (1978); *Golden Gate Corp. v. Town of Narragansett,* 116 R.I. 552, 566, 359 A.2d 321, 328 (1976). However, unlike the absence of judicial review when the issue involves the denial by a town council to grant a zoning amendment, § 45–24–20 specifically sets forth the appellate procedure to be invoked by any person aggrieved by a decision of a zoning board.[3]

---

**2.** Although we recognize that some jurisdictions permit direct judicial review of a legislative body's refusal to rezone, such cases are clearly distinguishable from the instant case. For example, in Connecticut such review is specifically authorized by statute, Conn.Gen.Stat.Ann. § 8–10 (West 1971); in Washington the refusal of a legislative body to rezone is considered a quasi-judicial action rather than a legislative action, *Fleming v. City of Tacoma,* 81 Wash.2d 292, 502 P.2d 327 (1972); and in Maryland such review is available only when sanctioned by local county law, *Board of County Commissioners for Prince George's County v. Meltzer,* 239 Md. 144, 210 A.2d 505 (1965).

**3.** General Laws 1956 (1980 Reenactment) § 45–24–20 provides in part:

> "Any person or persons jointly or severally aggrieved by a decision of the zoning board may appeal to the superior court for the county in which the municipality is situated by filing a complaint setting forth the reasons of appeal within twenty (20) days after such de-

■ Accordingly, pursuant to § 45–24–20 the Superior Court has jurisdiction to review the denial by a zoning board of an application for a variance, although such review is limited to a determination of whether the zoning board's decision was arbitrary or an abuse of discretion. *Caswell v. George Sherman Sand & Gravel Co.*, 424 A.2d 646, 648 (R.I.1981). On certiorari to this court, we must scrutinize the whole record to determine whether legally competent evidence exists to support the findings of the court below. *Id.; Toohey v. Kilday*, 415 A.2d 732, 735 (R.I.1980); *DeStefano v. Zoning Board of Review of Warwick*, 122 R.I. 241, 245–46, 405 A.2d 1167, 1170 (1979). Thus, although it requires a petitioner to overcome the difficult burden of proving a deprivation of all beneficial use of land that amounts to confiscation, the variance has been a feasible means of challenging the validity of application of a zoning ordinance to a particular parcel of real estate and, as such, is a viable remedy for any party aggrieved by a strict application of a town or city zoning ordinance.

For the reasons stated, the petition for certiorari is granted, the decision of the Superior Court is quashed, and the record in the case is ordered returned to the Superior Court with our decision endorsed thereon.

KELLEHER, J., did not participate.

BEVILACQUA, C.J., participated in the oral argument and in the decision of the court but retired prior to the publication of this opinion.

cision has been filed in the office of the zoning board."