**Kenneth L. MAYNARD et al**

v.

**Charles W. BECK et al.**

**No. 98–258–Appeal.**

Supreme Court of Rhode Island.

Dec. 1, 1999.

William Mark Russo, Kristen W. Ulbrich, Providence, for plaintiff.

Bruce N. Goodsell, Westerly, for defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

Does the doctrine of legislative immunity bar a legal damages action against various municipal officials based upon their attempts to draft, revise, and pass a zoning ordinance? The plaintiffs, a group of property owners and former local public officials in the Town of Charlestown (Charlestown or the town), appeal from a Superior Court judgment in favor of the defendants, who were various municipal planning and other town officials. The plaintiffs' lawsuit challenged the defendants' initial attempts to formulate a proposed new zoning ordinance in the town in accordance with the Comprehensive Plan adopted by the town in 1992. We ordered the parties to show cause why we should not decide this appeal summarily. None having been shown, we proceed to do so.

In 1991 the Legislature enacted the Rhode Island Zoning Enabling Act of 1991 (the act), G.L.1956 §§ 45–24–27 through 45–24–72. Section 45–24–30 of the act requires that zoning ordinances be developed and maintained in accordance with a comprehensive plan prepared pursuant to the Rhode Island Comprehensive Planning and Land Use Regulation Act, G.L.1956 chapter 22.2 of title 45. Charlestown adopted its Comprehensive Plan in 1992; the plan set forth guidelines and goals for the implementation of new zoning ordinances. The town council thereafter appointed a committee, known as the Zoning Ordinance Coordinating Committee (ZOCC), to draft a proposed zoning ordinance. The proposed ordinance was then given to the planning commission for review, which was then to pass it on to the town council for its consideration, approval, and adoption. In October 1995 the planning commission "certified," pursuant to § 45–24–52, the draft zoning ordinance as consistent with the Comprehensive Plan and referred it to the town council for approval. The town council ultimately rejected the proposed zoning ordinance as inconsistent with the Comprehensive Plan.

In their amended complaint, plaintiffs contended that the defendant town planner, Nancy Hess, and certain other defendants who were members of the town's planning commission, altered specific portions of the proposed draft zoning ordinance, thereby rendering it inconsistent with the town's Comprehensive Plan. The plaintiffs alleged that these individuals attempted to rezone certain pieces of property for their own personal and political gain and that they also violated open meetings laws in their deliberations. At the prebriefing conference, however, the parties indicated that, although no zoning ordinance had been adopted as of the conclusion of this case in Superior Court, thereafter the Charlestown Town Council had adopted a new zoning ordinance in July 1998.

In their complaint, plaintiffs requested that the court declare null and void the planning commission's prior certification of the proposed zoning ordinance. The plaintiffs also requested the court to declare that the planning commission's efforts to draft a new zoning ordinance were in violation of the Zoning Enabling Act and the Comprehensive Plan. Further, plaintiffs asked the court to issue a writ of mandamus requiring the town to bring its zoning ordinance into compliance with the Zoning Enabling Act in accordance with specific procedures and time limits to be adopted by the court. The complaint also contained a request for injunctive relief that

would have prevented the town planner and the planning commission from participating in the drafting of a new ordinance and that would have enjoined defendants from presenting the previous draft ordinance to the town council. Finally, plaintiffs asserted that defendants violated their substantive and procedural due process rights under 42 U.S.C. § 1983. In response, defendants filed a motion to dismiss plaintiffs' complaint on several grounds. Although the parties submitted matters outside the pleadings in connection with this dismissal motion,[1] the motion justice excluded these documents in making his dismissal decision and, therefore, the motion justice properly treated this matter as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure.

The motion justice determined, first, that the issues raised by plaintiffs concerned the proposed zoning amendment that had been rejected by the town council and, thus, they were not suitable for review. The court reasoned that since the draft ordinance had not been adopted by the council, plaintiffs were not aggrieved parties. The trial justice also determined that the plaintiffs' request for a writ of mandamus was likewise premature and inappropriate, and he opined that the members of the planning board and town council were best left to perform their discretionary duties at this stage of the proceedings without judicial involvement. Finally, the trial justice dismissed the plaintiffs' damages claim under 42 U.S.C. § 1983 based upon the recent United States Supreme Court ruling in the case of *Bogan v. Scott–Harris,* 523 U.S. 44, 118 S.Ct. 966, 140 L.Ed.2d 79 (1998) (holding that municipal legislators are entitled to absolute legislative immunity).

After the town council adopted the zoning ordinance and the trial justice rendered his dismissal decision, plaintiffs filed yet another lawsuit in Superior Court. In the present appeal, plaintiffs have conceded that the procedural issues that they raised are moot; however, they are pursuing their contention that the trial justice erred in dismissing their legal damages action against the individual town-official defendants on the grounds of legislative immunity. The order issued by this Court following the prebriefing conference directed the parties "to address the sole issue of legislative immunity and the applicability of *Bogan v. Scott–Harris,* [523] U.S. [44], [118 S.Ct. 966], 140 L.Ed.2d 79 (1998)."

The plaintiffs argue that the motion justice erred in dismissing plaintiffs' legal damages claim on the grounds of legislative immunity. They contend that defendants were not acting in a legislative capacity when they drafted the proposed zoning ordinances, but were acting "only consistent with their self-interest." As previously stated, the motion justice relied upon *Bogan v. Scott–Harris* in ruling that defendants were protected by legislative immunity. In *Bogan,* the respondent, Janet Scott–Harris, was the administrator of the Department of Health and Human Services for the City of Fall River, Massachusetts. She prepared termination charges against a temporary employee who had allegedly made racial and ethnic slurs against other city employees. *Id.* at 46, 118 S.Ct. at 969, 140 L.Ed.2d at 83–84. Through political channels, the employee managed to avoid termination and arranged to have her punishment reduced significantly. *Id.* at 47, 118 S.Ct. at 969, 140 L.Ed.2d at 84. While the charges were pending against the employee, the mayor proposed a budget calling for the elimination of 135 city positions, including

---

1. Rule 12(b) of the Superior Court Rules of Civil Procedure provides, in relevant part, "[i]f on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."

that of Scott–Harris. The city council approved the ordinance eliminating Scott–Harris's department, of which she was the sole remaining employee, and the ordinance was signed into law by the mayor. *Id.* Ms. Scott–Harris filed suit against the city, the mayor, the chairman of the city council ordinance committee, and other city officials. *Id.*

The Supreme Court concluded that absolute legislative immunity applied to defendants' actions concerning the ordinance that eliminated Scott–Harris' job. To determine whether challenged conduct is legislative, the Supreme Court stated, a court must consider the nature of the acts in question, rather than the motive or intent of the official performing them. *Bogan,* 523 U.S. at 54, 118 S.Ct. at 973, 140 L.Ed.2d at 88. The Court held that defendants' ordinance-related activities were legislative in form and in substance: "The ordinance reflected a discretionary, policy-making decision implicating the budgetary priorities of the city and the services the city provides to its constituents." *Id.* at 55–56, 118 S.Ct. at 973, 140 L.Ed.2d at 89.

■ In the present case, the motion justice determined that the defendant municipal officials, regardless of whether they were town council members, planning commission members, or the town planner, were performing legislative functions when they acted in the manner complained of in plaintiffs' complaint. As a result, he concluded that they were entitled to legislative immunity. The motion justice noted that the process by which a zoning ordinance is adopted is contained in § 45–24–51. That statute provides for the city or town to designate the officer or agency to receive a zoning proposal for adoption; the agency then refers the proposal to the town council and to the planning commission for study and recommendation. The planning commission then makes findings and presents its recommendations to the town council.

The plaintiffs contended that defendants, who were named in their individual capacities in the complaint, were not performing legislative functions when they committed the actions specified in the complaint. The plaintiffs apparently argue that when municipal-official defendants are sued in their individual capacities, ipso facto they are not entitled to legislative immunity. If this were the case, however, a plaintiff could easily circumvent the bar of legislative immunity; a plaintiff could bring suit against legislators and other government officials acting in a legislative capacity "as individuals," instead of in their official capacity. As the Supreme Court emphasized in *Bogan,* as long as defendants' challenged actions, stripped of all considerations of intent and motive, were legislative in character, the doctrine of absolute legislative immunity protects them from such claims. Thus, even if defendants were attempting to advance their own personal and political interests through their ordinance-related actions, the fact remains that their alleged acts were committed in the course of performing their discretionary functions or duties as government officials in crafting and then presenting proposed municipal legislation for its potential adoption by the town council. As a result, such activities are protected by legislative immunity.

■ We also observe that the doctrine of legislative immunity is not reserved solely for legislators, and that "officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Bogan,* 523 U.S. at 55, 118 S.Ct. at 973, 140 L.Ed.2d at 89. Thus, for example, the Supreme Court has extended the protection of legislative immunity to members of the judiciary when they act in a legislative capacity. *See Supreme Court of Virginia v. Consumer's Union of the United States, Inc.,* 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980).[2] As a result, courts

---

2. Other courts have likewise found that judicial officers are, in certain circumstances, en-

should employ a "functional approach to immunity questions," *see Forrester v. White*, 484 U.S. 219, 224, 108 S.Ct. 538, 542, 98 L.Ed.2d 555, 563 (1988), so that even when a judicial body enacts rules "of 'general application,'" such an action can be considered legislative in nature and entitled to absolute immunity. *Consumers Union*, 446 U.S. at 731, 100 S.Ct. at 1974, 64 L.Ed.2d at 653.

■ Moreover, in applying the legislative immunity defense, the Supreme Court did not distinguish between government officials who were sued in their individual capacities and those who were sued in their official capacities. Rather, the immunity is absolute when such officials are sued for performing legislative actions, and its availability does not turn on whether they are named as parties in an individual or official capacity. The Court also noted that the ordinance in *Bogan* reflected a "discretionary, policy making decision" implicating the budgetary priorities of the city, one that was promulgated pursuant to "integral steps in the legislative process." *Bogan*, 523 U.S. at 55, 118 S.Ct. at 973, 140 L.Ed.2d at 89. Finally, the Court had "little trouble" concluding that the mayor's activities in both proposing and signing into law the ordinance eliminating the plaintiff's department were entitled to absolute legislative immunity. *Id.*

■ In their supplemental statement on appeal, plaintiffs argue that the challenged actions of the planning commission and the town planner do not rise to the level of legislative policy-making; therefore, they contend, the actions of those defendants must be considered administrative, not legislative. The plaintiffs suggest that some courts have established a two-part test to determine whether an action is legislative as opposed to administrative or executive. In *Carver v. Foerster*, 102 F.3d 96 (3d Cir.1996), for example, the Third Circuit set forth the following standard to determine whether an action was legislative or administrative in character:

> "To be legislative, the act must be (1) substantively legislative, such as 'policy-making of a general purpose' or 'line-drawing'; and (2) procedurally legislative, such that it is 'passed by means of established legislative procedures'." *Id.* at 100 (quoting *Ryan v. Burlington County, New Jersey*, 889 F.2d 1286, 1290–91 (3d Cir.1989)).

In *Carver*, the individual defendant made a decision to fire certain employees for his own personal benefit. The plaintiff contends that this case is similar to *Carver*, in that the alleged actions of the defendant officials took place prior to and independent of their statutory roles so they could realize a personal benefit from the eventual adoption of the ordinance.

However, this case is distinguishable from *Carver* in that defendants' duties were carried out as an advisory arm of a legislative body, the town council. The procedure for adoption of an ordinance contained in § 45-24-51 requires that the town's planning commission and the planning department, if any, report findings and recommendations concerning a proposed zoning ordinance to the town council. The planning commission is also required to include in its findings "a statement on the general consistency of the proposal with the comprehensive plan of the city or town." Section 45-24-52(A). The decision of whether to adopt a proposed ordinance lies ultimately with the town council. Section 45-24-50. Unlike the individual defendant in *Carver*, who made the actual decision to fire certain employees, the planning officials in the present case did not and could not decide whether to adopt the proposed zoning ordinance; rather, they were required by law to assist and advise a municipal legislative body in their decision-

titled to legislative immunity. *See Hirsh v. Justices of the Supreme Court of California*, 67 F.3d 708, 715 (9th Cir.1995); *Alia v. Michi-* *gan Supreme Court*, 906 F.2d 1100 (6th Cir. 1990); *Gallas v. Supreme Court of Pennsylvania*, 1998 WL 352584 (E.D.Pa.1998).

making process by presenting a draft ordinance for its consideration.

■ In sum, the defendants' challenged actions, as authorized by the Zoning Enabling Act, § 45–24–51, were an integral part of the legislative process in the context of a municipality enacting appropriate zoning ordinances. Just as the defendant mayor's activities in *Bogan* were determined to be an integral part of the legislative process, so, too, did the defendants' actions play a key role in the eventual enactment or rejection of this municipality's proposed zoning legislation. Thus, the defendant planning officials are entitled to invoke legislative immunity for their legislative-assistance activities, as are the town council defendants for their discretionary and policy-making decisions as municipal legislators.[3] That the planning commission's activities are not the final step in the ordinance-adoption process is of no consequence as long as its members are performing legislative functions. Here, the challenged acts all fell within a protected category of legally mandated legislative functions. For these reasons, we hold that the trial justice was correct in finding that the defendants were entitled to invoke the doctrine of legislative immunity in their defense to this complaint.

As a result, we deny and dismiss the plaintiffs' appeal and affirm the Superior Court's judgment dismissing their complaint.

---

**3.** As noted by the motion justice, actions taken by a city or town council involving the amendment or repeal of zoning ordinances are "purely legislative." We agree with the motion justice that, in this case, there is no material difference for legislative immunity purposes between adoption or proposal of draft ordinances by the planning commission and the adoption or proposal of such ordinances by a town council. *See, e.g., Mesolella v. City of Providence,* 508 A.2d 661, 672 (R.I. 1986).