**P.J.C. REALTY, INC., d/b/a Brooks Pharmacy**

v.

**John J. BARRY III, et al.**

**No. 2001–320–Appeal.**

Supreme Court of Rhode Island.

Dec. 27, 2002.

Elizabeth McDonough Noonan, Providence, John B. Harwood, Pawtucket, for Plaintiff.

Frank J. Milos, Jr., for Defendant.

Before LEDERBERG, FLANDERS, GOLDBERG, JJ. and WEISBERGER, C.J. (Ret.).

## OPINION

WEISBERGER, Chief Justice (Ret.).

This case comes before us on the appeal of the defendants, members of the Paw-tucket City Council (city) from a judgment entered in the Superior Court granting declaratory relief and mandamus, requiring the city to adopt an amendment to its zoning ordinance in accordance with an application submitted by the plaintiff, P.J.C. Realty, Inc., d/b/a Brooks Pharmacy (Brooks). The city contends that the trial justice erred in issuing a judgment for mandamus because a municipal legislature may not be compelled to perform a discretionary legislative act. The city also challenges the declaratory judgment. Brooks cross-appeals the dismissal of that count of its complaint, which requested judicial review of the city council's failure to enact its proposed ordinance, pursuant to G.L.1956 (1999 Reenactment) § 45–24–71.

We sustain the city's appeal from the judgment of mandamus. We deny the appeal from a portion of the declaratory judgment, but sustain the appeal to other portions of the judgment. We deny the cross-appeal of Brooks. The facts and travel of this case insofar as pertinent to this appeal are as follows.

## I

### Facts and Travel

On March 28, 2000, Brooks applied for a zoning change to the Pawtucket City Council. It sought to amend the zoning classification of property located at assessor's plat 50B, lot Nos. 160, 1346, 1502, 1582, 1601, and 1602 from Residential Two Family to Commercial General. The purpose of the change was to accommodate Brooks in its plan to build a pharmacy in the area. Brooks submitted to the city council a proposed zoning ordinance amendment that would purportedly comply with the city's comprehensive plan.[1] In an

---

1. The matter before the city council was "Or- dinance in Amendment of Chapter 2373 and

advisory zoning opinion, the Pawtucket Department of Planning and Redevelopment recommended approval of the amendment because most of the land had been used for business in the past; the area was an excellent site for commercial uses; and the adverse impact on the area was minimal, namely the loss of two houses. After a hearing was held on or about April 18, 2000, the planning commission also voted in favor of recommending passage of the ordinance amendment.

At a public hearing held on June 21, 2000, the city council heard testimony from William E. Coyle, III, a real estate expert, who stated that the proposed zoning amendment was consistent with the city's comprehensive plan. According to the expert, the proposed present and future use for the area contemplated in the comprehensive plan was commercial. However, he testified that the comprehensive plan proposed a general scheme for the area without a lot-by-lot breakdown of how deep or narrow a given use would extend. The owner of a firm specializing in land use and commercial development, Peter Ruggiero, Esquire, added that pursuant to the Rhode Island Comprehensive Planning and Land Use Regulation Act, the location in question should have already been re-zoned commercial in accordance with the comprehensive plan.

The council voted unanimously to deny the plaintiff's petition, and on July 21, 2000, the plaintiff filed a complaint in the Superior Court. The plaintiff sought a declaratory judgment, issuance of a writ of mandamus, and statutory review of the council's decision pursuant to § 45–24–71.

In an order entered February 20, 2001, the trial court granted a writ of mandamus and plaintiff's request for declaratory judgment. The trial justice found that the proposed changes were consistent with the Pawtucket comprehensive plan, and ordered the city council to pass the ordinance amendment submitted by plaintiff. The plaintiff's request for judicial review pursuant to § 45–24–71 was, however, dismissed. The city filed a notice of appeal on March 21, 2001 and plaintiff cross-appealed on March 28, 2001.

## II

### Pertinent Legislation

In 1991 the Legislature enacted the Rhode Island Zoning Enabling Act. G.L. 1956 § 45–24–27 through 45–24–72, as enacted by P.L.1991, ch. 307, § 1. It requires that zoning ordinances be developed and maintained in accordance with a comprehensive plan prepared pursuant to the Rhode Island Comprehensive Planning and Land Use Regulation Act (CPLURA). G.L.1956 chapter 22.2 of title 45; *Maynard v. Beck,* 741 A.2d 866, 868 (R.I.1999) (per curiam). The CPLURA requires all towns and cities to "adopt, update, and amend a comprehensive plan, including implementation programs, in conformity with the provisions set forth in the act." *Town of East Greenwich v. Narragansett Electric Co.,* 651 A.2d 725, 727 (R.I.1994); *See* § 45–22.2–2. A comprehensive plan, according to the CPLURA, "is a statement (in text, maps, illustrations, or other media of communication) that is designed to provide a basis for rational decision making regarding the long term physical development of the municipality." Section 45–22.2–6. Each town and city is required to conform its zoning ordinance to the comprehensive plan within eighteen months of plan adoption and approval. Section 45–

Chapter 410 of the Revised Ordinance of the city of Pawtucket, change in official zoning map, p. 50B, Brooks Pharmacy."

22.2–5(a)(3). The Pawtucket City Council adopted its comprehensive plan on June 24, 1992, and the state approved the plan on or about November 8, 1995.

## III

### Writ of Mandamus

On appeal, the city contends that the trial judge erred in issuing a writ of mandamus owing to the discretionary nature of the city council's decision to reject plaintiff's amendment. It submits that the city's comprehensive plan mandates a general scheme of land use without a detailed lot-by-lot analysis. Thus, the city argues, many proposed amendments that differ from plaintiff's proposal could have also been adopted while remaining in compliance with the comprehensive plan. It is the city's prerogative, defendant argues, to implement the comprehensive plan in any manner it deems fit for the community.

The plaintiff contends that the issuance of a writ of mandamus was appropriate because the city council had a clear legal duty to conform its zoning ordinance to the comprehensive plan. It cites to *Town of East Greenwich v. Narragansett Electric Co.* in support of its assertion that a comprehensive plan is not merely an "innocuous general-policy statement," but rather "establishes a binding framework or blueprint that dictates town and city promulgation of conforming zoning and planning ordinances." *Town of East Greenwich,* 651 A.2d at 727.

■ Under Rhode Island law, it is well settled that a writ of mandamus is appropriate when the duty to be enforced demands no special discretion, judgment or skill. *See Nye v. City of Warwick,* 736 A.2d 82 (R.I.1999) (mem.). This Court had held that:

"A writ of mandamus should issue only when (1) the party petitioning for

such an extraordinary remedy has shown a clear legal right to obtain the relief sought by the writ; (2) the respondent(s) has a ministerial legal duty to perform the requested act without discretion to refuse; and (3) the petitioner possesses no adequate remedy at law." *Providence Teachers Union Local 958 v. Providence School Board,* 748 A.2d 270, 272 (R.I.2000).

■ This Court in *Consolidated Realty Corp. v. Town Council of North Providence,* 513 A.2d 1 (R.I.1986), reviewed a judgment wherein a justice of the Superior Court ordered the town council of North Providence to enact an amendment to its zoning ordinance. In that case, the petitioner, *Consolidated Realty Corp. (Consolidated)* had applied to the council to enact the amendment. The town council declined the application to amend its zoning ordinance as requested by *Consolidated. Consolidated* purported to appeal this denial to the Superior Court. The Superior Court reversed the decision of the town council and issued a mandatory injunction to enact the amendment. On the town's petition for certiorari, this Court held that the Superior Court did not have jurisdiction to review a town council's refusal to amend a local zoning ordinance. We observed that "the issue of the legislative action of [a] city council, or any legislative body, in failing to enact proposed legislation is not one that lends itself to judicial review." *Id.* at 4. We further commented that generally an action would not lie against a legislative body for failure to enact proposed legislation. This opinion predates the enactment of the Rhode Island Zoning Enabling Act (act), which was passed by the General Assembly in 1991. This act did provide for a limited judicial review. Section 45–24–71(a) entitled *"Appeals— Appeal of enactment of or amendment to zoning ordinance "* provides as follows:

"An appeal of *an enactment of or an amendment* to a zoning ordinance may be taken to the superior court for the county in which the municipality is situated by filing a complaint within thirty (30) days after the enactment or amendment has become effective. The appeal may be taken by an aggrieved party or by any legal resident or landowner of the municipality or by any group of residents or landowners whether or not incorporated, of the municipality. The appeal shall not stay the enforcement of the zoning ordinance, as enacted or amended, but the court may, in its discretion, grant a stay on appropriate terms, which may include the filing of a bond, and make other orders that it deems necessary for an equitable disposition of the appeal." (Emphasis added.)

This is the only section of the act that deals with judicial review of an action by a city or town council and is limited to the enactment of or an amendment to a zoning ordinance. Conspicuously absent is any provision that authorizes the Superior Court or any judicial tribunal to review or overrule the refusal of a municipal council to enact a municipal ordinance. This section of the statute is clear and unambiguous and must be effectuated by giving its words their plain and ordinary meaning. *Matter of Falstaff Brewing Corp. Re: Narragansett Brewery Fire*, 637 A.2d 1047, 1049 (R.I.1994). *See also Local 400, International Federation of Technical and Professional Engineers v. Rhode Island State Labor Relations Board*, 747 A.2d 1002, 1004 (R.I.2000).

 The Legislature is presumed to be aware of the state of existing relevant law when it enacts or amends a statute. *Smith v. Retirement Board of Employees' Retirement System of Rhode Island*, 656 A.2d 186, 189–90 (R.I.1995). Consequently, the General Assembly must be pre-

sumed to have been aware of the holding of this Court in *Consolidated.* In the event that the Legislature desired to provide for judicial review of the refusal of a municipal council to enact a zoning ordinance and to provide the Superior Court with the authority to order a municipal council to enact an ordinance, it could easily have done so.

Although the Legislature amended its Zoning Enabling Act extensively and changed the substantive law of zoning in the state of Rhode Island, it did not purport to create a judicial remedy that could force a municipal legislature to enact a particular ordinance as requested by an applicant for a zoning change.

This Court has continued to cite with approval our holding in *Consolidated* since the 1991 amendment to the state Zoning Enabling Act. *See Brunelle v. Town of South Kingstown*, 700 A.2d 1075, 1079 (R.I.1997); *Ruby Associates v. Ferranti*, 603 A.2d 331, 332 (R.I.1992). The foregoing cases both held that there was no statutory authority for the Superior Court to review the decision of a municipal council to deny an application to amend its zoning ordinance. Our review of the act finds no provision that would supersede or render our opinion in *Consolidated* no longer viable.

Brooks' reliance on the case of *Town of East Greenwich v. Narragansett Electric Co.*, 651 A.2d 725 (R.I.1994) is misplaced. That case dealt with the authority of the Public Utilities Commission to review an action by the Town of East Greenwich in modifying its comprehensive plan in such a way as potentially to interfere with the erection by Narragansett of high tension power lines within the boundaries of the town. This Court emphasized the importance of the comprehensive plan and held that the Public Utilities Commission's power of review was triggered by this modifi-

cation to the plan even though no ordinance had yet been enacted.

■ In the absence of statutory authorization to review the failure of a municipal council to enact an amendment to its zoning ordinances, the issuance of a mandatory injunction as in *Consolidated*, or a judgment for mandamus as rendered in this case, is beyond the authority of the Superior Court. The enactment of an ordinance is not a clear ministerial duty. A municipal council has discretion in enacting an ordinance whether relating to zoning or to other subject matter. For example, in the case at bar, even the expert witnesses for the plaintiff, Messrs. Coyle and Ruggiero, conceded that the comprehensive plan did not include a lot-by-lot analysis and that it was the prerogative of the city council to determine in detail how deep the commercial general zone should extend in the area under consideration. It would be a rare case indeed wherein a legislative body would have a clear ministerial duty to enact a particular ordinance or statute without discretion as to its terms and detailed provisions. Consequently, the remedy of mandamus would not lie in the circumstances of this case, just as a mandatory injunction could not be issued in *Consolidated*.

## IV

### Declaratory Judgment

The city contends that the Superior Court had no power to issue a declaratory judgment in this case. We agree that the declaratory judgment power could not have been utilized to compel the city to enact an ordinance any more than its equitable power or the remedy of mandamus could be utilized for that purpose.

■ However, under the Uniform Declaratory Judgments Act, G.L.1956 §§ 9–30–1 through 9–30–16, the Superior Court

"shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." Section 9–30–1. Pursuant to this power, the trial justice had the authority to construe the obligation of the city to conform its ordinances with the comprehensive plan as required by the Rhode Island Zoning Enabling Act. In the exercise of this power, the Superior Court appropriately set forth the declaration in its order as follows:

"a) The City of Pawtucket ('City') has a duty to conform its zoning ordinances and amendments to the City's Comprehensive Plan in accordance with R.I. Gen. Laws §§ 45–22.2–13(c), 45–24–29(b)(2), and 45–24–50(b) and (d)."

We recognize that this purported to be a finding in support of the issuance of the writ of mandamus. We have already held that mandamus would not lie in respect to the refusal to pass an ordinance. However, the declaration of the city's duty to comply with the act was appropriate. The Superior Court has the power to construe a statute and to declare the rights and obligations of the parties. Consequently, this portion of the judgment is affirmed and may be entered as a declaratory judgment.

## V

### Cross–Appeal

■ The plaintiff has filed a cross-appeal from the denial of review by the Superior Court, pursuant to § 45–24–71 of the act. As we have previously indicated, this section of the act provides for an appeal to the Superior Court to review "an enactment of or an amendment to [the] zoning ordinance." *Id.* It provides no judicial review for the refusal to enact an amendment to a zoning ordinance. This statute expresses a clear and unambiguous meaning, and this Court must apply the

**1208**

plain and ordinary meaning of the words set forth in the statute. *State v. Smith,* 766 A.2d 913, 924 (R.I.2001); *State v. Bryant,* 670 A.2d 776, 779 (R.I.1996).

In the face of an explicit absence of any power under this section to review the refusal by the city to amend its zoning ordinance as requested by Brooks, the trial justice had no alternative, save to deny this count of the Brooks' complaint. The argument of the plaintiff to the contrary is without merit. Even the broad construction urged by Brooks would not empower either the Superior Court or this Court to rewrite the statute in order to include a power that has been deliberately and explicitly withheld. Consequently, we reject the plaintiff's argument and deny and dismiss the cross-appeal.

## VI

### Conclusion

For the reasons stated, the appeal of the city from the judgment for mandamus and those portions of the declaratory judgment, save paragraph (a), is sustained. The appeal of the city from that portion of the declaratory judgment contained in paragraph (a) is denied and dismissed. The appeal of the plaintiff Brooks requesting judicial review of the city council's refusal to enact its zoning ordinance, pursuant to § 45–24–71(a) is denied and dismissed. The papers in the case may be remanded to the Superior Court with direction to enter a modified judgment consistent with this opinion.

Chief Justice WILLIAMS did not participate.