DECISION
Sylvan J. Vaicaitis, Patricia C. Vaicaitis, John F. Conforti, Alexandra B. Cook, Bernard J. Nascenzi and Anita L. Nascenzi ("Plaintiffs"), are owners of certain adjoining real estate within the Town of Narragansett, Rhode Island, and are before the Court requesting declaratory relief that would require the Town of Narragansett ("Town") to amend its Comprehensive Plan and to change the zoning of Plaintiffs' properties. The Town previously denied Plaintiffs' application for an amendment to the Comprehensive Plan and Zoning Ordinance after holding public hearings on July 18, 2005, October 4, 2005 and October 17, 2005. The Town Council's written decision is dated October 19, 2005. Plaintiffs filed this action for declaratory relief on November 15, 2005. Jurisdiction is pursuant to G.L. 1956 § 9-30-1.
 Facts and Travel
Plaintiffs, Sylvan J. Vaicaitis, Patricia C. Vaicaitis, John F. Conforti, and Alexandra B. Cook, own real property in the Town of Narragansett, Rhode Island, designated as Naragansett *Page 2 
Tax Assessor's Plat L, Lots 230 and 231. (Statement of Stipulated Facts ¶¶ 1-4.) Co-Plaintiffs, Bernard J. Nascenzi and Anita L. Nascenzi, own abutting real property in the Town of Narragansett, Rhode Island, designated as Naragansett Tax Assessor's Plat L, Lots 230-A. (Statement of Stipulated Facts ¶¶ 5-6.) The Town's Comprehensive Plan Future Land Use Map designates Lot 230 with a mixed designation of medium-density residential, brush land and commercial services; Lot 231 with a mixed designation of brush land and commercial services; and, Lot 230-A with a mixed designation of medium-density residential and brush land. (Statement of Stipulated Facts ¶ 13.) Despite these Future Land Use designations, all three lots are zoned B-A, which, under the Town of Narragansett Zoning Ordinance, is commercial. (Statement of Stipulated Facts ¶ 13.) Additionally, while Lot 231 is vacant, Lot 230 contains two single-family houses and Lot 230-A contains one single-family house resulting in a non-conforming use for each of those two properties. (Statement of Stipulated Facts ¶¶ 10, 11, 17.)
On October 20, 2004, the six Plaintiffs filed an application seeking to amend the zoning of their properties from B-A, commercial, to R-10, residential. (Statement of Stipulated Facts ¶ 18.) At the public hearing on the application, James P. Durkin, owner of the adjacent Lot 232 and a member of the Narragansett Town Council who had recused himself from consideration of the application, suggested that the Plaintiffs file an application with the Planning Board requesting amendments to the Comprehensive Plan for the properties. (Statement of Stipulated Facts ¶ 19.) On June 1, 2005, the Plaintiffs filed an additional application requesting changes in the Comprehensive Plan future use designations of the subject properties to medium-density residential. (Statement of Stipulated Facts ¶ 20.) *Page 3 
The Narragansett Planning Board, in a written decision dated July 12, 2005, recommended to the Town Council passage of the proposed amendments. (Statement of Stipulated Facts ¶ 21.) In its findings, the Planning Board specifically noted that:
 . . . [I]t appears that the original of the future land use map, which created three uses on one small (less than 1.5 acre) parcel may have been in error, which case should be corrected either in favor of either (sic) residential or commercial use. The proposal would result in an extension of residential use, which reflects the existing uses on the property and is in conformity with be (sic) majority of the surrounding neighborhood. . . . (Pls.' Ex. 3.)
Thereafter, public hearings were held for the proposed Zoning and Comprehensive Plan Amendments on July 18, 2005, October 4, 2005 and October 17, 2005. In a written decision dated October 19, 2005, the Town Council denied both applications. (Statement of Stipulated Facts ¶¶ 22, 23.) Plaintiffs then filed a two-count civil action seeking to appeal the decision under G.L. 1956 § 45-24-71 entitled, "Appeals — Appeal of enactment of or amendment to zoning ordinance" and seeking declaratory relief pursuant to § 9-30-1. The portion of the complaint attempting to appeal the decision was dismissed and only the declaratory judgment action remains before this Court.
 Standard of Review
Plaintiffs have requested that this Court render a declaratory judgment that the Town is required to amend its Comprehensive Plan Future Land Use Map designation for their property from commercial services to medium-density residential. Plaintiffs further request that this Court issue a declaratory judgment requiring the Town to amend its Zoning Ordinance for their property to R-10 residential. Under the Rhode Island Uniform Declaratory Judgments Act § 9-30-1 to § 9-30-16,
 Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other *Page 4 
legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder. Section 9-30-2.
In making such a determination this Court has the power to "declare rights, status, and other legal relations." Section 9-30-1.
An action for a declaratory judgment "is neither an action at law nor a suit in equity but a novel statutory proceeding. . . ." NewportAmusement Co. v. Maher, 92 R.I. 51, 53, 166 A.2d 216, 217 (1960). A court's decision to grant or to deny declaratory relief under the Uniform Declaratory Judgments Act is purely discretionary. SeeWoonsocket Teachers' Guild Local Union 951, AFT v. Woonsocket SchoolCommittee, 694 A.2d 727, 729 (R.I. 1997); see also Lombardi v. GoodyearLoan Co., 549 A.2d 1025, 1027 (R.I. 1988). When the Superior Court exercises its discretion, its decision should remain undisturbed on appeal unless the court improperly exercised its discretion or otherwise abused its authority. Woonsocket, 694 A.2d at 729.
 Analysis
In their request, Plaintiffs argue that the Town Council must be required to amend the Comprehensive Plan because the Comprehensive Plan is ambiguous in that it designates certain land as "brush land" which is not a use category recognized on the Future Land Use Map rather than as "brush land open space" which is a use category. Plaintiffs also point out that the existing uses of their properties do not conform to the Comprehensive Plan's definition of brush land open space and that it would be impossible for the Zoning Ordinance affecting their property to conform to a Future Land Use designation of brush land. Plaintiffs also question how the Town Zoning Map could conform to a Future Land Use Map that indicates multiple *Page 5 
designations for one parcel. Therefore, argue Plaintiffs, the map is clearly faulty resulting in a situation where the Town could reject any proposed use of the properties for failure to conform to the Town's Comprehensive Plan. Thus, because the map is ambiguous and because the uses surrounding the properties on the north, south and west are all designated for residential use, the Plaintiffs argue they are entitled to a declaration that the Town is required to amend its Comprehensive Plan to re-designate the Plaintiffs' properties as residential use. Furthermore, contend Plaintiffs, in addition to the requested declaration that the Town must amend its Comprehensive Plan, they seek a further declaration that the Town must also amend its zoning of their properties to conform to their sought after amendment to the Comprehensive Plan.
In response to these requests, the Town does not address the merits of the Plaintiffs' requests but rather attacks the Plaintiffs on jurisdictional grounds, asserting that the Plaintiffs' requests for declaratory judgment are merely an inappropriate attempt to circumvent Rhode Island case law holding that there is no appeal from a decision of a municipal council denying a request for a zoning ordinance amendment. The Town points out that the Superior Court is without jurisdiction to entertain an appeal of a town's refusal to enact a zoning ordinance or to order a city or town to enact amendments to its zoning ordinance. Therefore, argues the Town, it is inappropriate to seek to employ the declaratory judgment statute to accomplish indirectly what this Court cannot do directly. Likewise, the Comprehensive Planning and Land Use Act does not provide for any appeal from a town's failure to amend its comprehensive plan. Therefore, contend Defendants, it is equally inappropriate to seek review of that municipal legislative decision via the declaratory judgment statute.
It is the long-standing and undisturbed law of this jurisdiction that legislative decisions of municipal councils which fail to adopt or amend ordinances are not appealable and that the *Page 6 
Superior Court is utterly without jurisdiction, in law or equity, to require a municipal legislature to enact an amendment to its ordinances.See Consolidated Realty Corporation v. Town of NorthProvidence, 513 A.2d 1, 2 (R.I. 1986). In Consolidated Realty, the Supreme Court held that the Superior Court was without jurisdiction "to review a town council's refusal to amend a local zoning ordinance."Id. Drawing a distinction between cases where the Court acted pursuant to the General Assembly's specific grant of appellate jurisdiction to review adoption of municipal ordinances, the Court observed that "[a]n examination of chapter 24 or title 45 reveals that the Legislature has made no provision for the courts to review, either by writ of certiorari or by appeal, the decision of a town or city council to deny an amendment to its zoning ordinance." Id. Thus, the court concluded:
 [T]his court recognize[s] the important distinction between a challenge to the enforcement of an allegedly illegal zoning amendment on the ground that the purported amendment is violative of existing law . . . as opposed to a claim that the town council erred in declining to amend the law. We do not believe it to be at all inconsistent for an action to lie in the former case but not in the latter. To hold otherwise would, in effect, be analogous to holding that an action could lie against any legislative body that failed to enact proposed legislation. We need not detail the havoc that would follow such a holding. Accordingly, we are persuaded that the issue of the legislative action of the city council, or any legislative body, in failing to enact proposed legislation is not one that lends itself to judicial review. Id. at 4.[1]
Building on its reasoning in Consolidated Realty, our Supreme Court inP.J.C. Realty Inc. v. Barry, 811 A.2d 1202, 1203 (R.I. 2002), also rejected the use of a writ of mandamus and declaratory judgment to require a town council to pass an amendment to its zoning. InP.J.C. *Page 7 Realty, the plaintiff sought a zoning amendment to bring its parcel of land into compliance with the City of Pawtucket's Comprehensive Plan. Though the City's Department of Planning and Redevelopment had rendered an advisory opinion in support of the plan, and though the Planning Commission had voted to recommend passage of the plan, the City Council voted unanimously to deny the petition. The plaintiff brought suit in the Superior Court seeking: first, judicial review of the defendant's failure to enact the proposed amendment; second, declaratory relief that plaintiff was entitled to passage of the ordinance; and third, a writ of mandamus requiring the municipality to enact the disputed ordinance. The Superior Court denied the plaintiff's request for judicial review but granted the plaintiff's request for declaratory judgment and for mandamus. Relying on its holding in Consolidated Realty that the Superior Court did not have jurisdiction to review a municipal legislature's failure to enact a zoning amendment, the Supreme Court reversed the grant of mandamus concluding that "it would be a rare case indeed wherein a legislative body would have a clear ministerial duty to enact a particular ordinance or statute without discretion as to its terms and detailed provisions." P.J.C. Realty, 811 A.2d at 1207. After concluding that mandamus was inappropriately granted, the Court inP.J.C. Realty turned its attention to the plaintiff's request for declaratory judgment. The Supreme Court affirmed that portion of the lower court's declaratory judgment decision which held that the municipality had "a duty to conform its zoning ordinances and amendments to the City's Comprehensive Plan. . . ." Id. In so doing the Court explained, "The Superior Court has the power to construe a statute and to declare the rights and obligations of the parties." Id. However, the Court was careful to ensure that its decision was not to be viewed as a way to circumvent the inviolate discretion of the municipal legislature not to enact an ordinance. "[T]he declaratory judgment power could not have been utilized to compel the city to enact an ordinance any more than its *Page 8 
equitable power or the remedy of mandamus could be utilized for that purpose." Id. As such, the Supreme Court reversed the remainder of the Superior Court's declarations. Id.
Plaintiffs here seek declarations from this Court that they are entitled to have the Town of Narragansett's Comprehensive Plan Future Land Use Map designations pertaining to their properties changed from one designation to another. Likewise, they seek declarations from this Court requiring the Town Council to rezone those same parcels of land. Rhode Island law does not support Plaintiffs' request. Like the adoption or amendment of zoning ordinances, the adoption and amendment of a comprehensive plan under § 45-22.2-8(b) is a purely legislative act. In establishing the Rhode Island Comprehensive Planning and Land Use Act, §§ 45-22.2-1 to 45-22.2-14, the Legislature established a detailed procedure, embodied in § 45-22.2-9, to ensure that local comprehensive plans would be reviewed only by the appropriate state authorities. Specifically, § 45-22.2-9(c) provides that "[t]he director [of administration] shall review any comprehensive plan or amendments adopted under the provisions of this chapter, submitted to the director, for consistency with the goals and intent established in the chapter and in the state guide plan. . . ."[2] Following review by the director, the municipality may appeal the director's decision to the State's Comprehensive Plan Appeals Board and from the said Appeals Board an aggrieved party — either the director or the municipality — may appeal directly to the Supreme Court. See Section 45-22.2-9(c)(7). Thus, while the legislature has made provision for the review of adopted plans and amendments, notably absent from the provisions of § 45-22.2-9, or any of the other provisions of the Rhode Island Comprehensive Planning and Land Use Act, is *Page 9 
an explicit grant of appellate jurisdiction to the Superior Court over a comprehensive plan or amendment which a municipality has not adopted.See Sections 45-22.2-1 to 45-22.2-14. Simply put, the statute here clearly and unambiguously fails to provide for judicial review of a municipality's refusal to adopt an amendment or plan, while providing a very definite and limited path for review of a municipality'senactment of such an ordinance. "It is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." Accent Store Design, Inc. v.Marathon House, Inc., 674 A.2d 1223, 1226 (R.I. 1996). As such, this Court must apply the plain and ordinary meaning of the words set forth in the statute; and accordingly, concludes that it is without jurisdiction to entertain an appeal of the Town of Narragansett's refusal to enact the proposed amendment. This conclusion is further buttressed by the realization that even if review of a refusal to enact an amendment were an appropriate subject for judicial review, which it is not, by the terms of § 45-22.2-9(c)(7) such a review of the Appeal Board's administrative adjudication would only be proper in the Supreme Court. Therefore, like the North Providence Town Council's refusal to adopt an amendment to the Zoning Ordinances at issue inConsolidated Realty which, for want of Superior Court appellate jurisdiction the court could neither review, nor limit by way of its equitable powers, so too is this Court without appellate jurisdiction to review the Town of Narragansett's failure to adopt an amendment to its Comprehensive Plan.
Thus, having reached the conclusion that this Court would not have the power to directly review the Town's refusal to adopt the amendment, this Court will now consider whether it may, nevertheless, grant the Plaintiffs' request for declaratory relief under the declaratory judgment statute. Section 9-30-2. Plaintiffs' rely on the fact that their application for an amendment was *Page 10 
supported by the Town's Planning Board as evincing an irrational decision by the Town Council not to enact the sought amendment. As a preliminary matter, it is anything but clear that the Council's decision was irrational. Certainly, the Plaintiffs, or their predecessors in interest, would have been presented with the opportunity to ensure that those responsible for developing Narragansett's Comprehensive Plan were aware of the incongruity between the proposed designations and the then existing uses, as well as any incongruity between the existing uses and the character of the surrounding properties. See
Section 45-22.2-8(3)(ii)(b) (requiring public hearings by the local planning authority and by the municipal legislature prior to adoption of a comprehensive plan). Thus, it cannot be said that the Council's decision was irrational in not allowing for the presentation and consideration of relevant evidence. Furthermore, and even more importantly, § 45-22.2-12(c) limits the number of times a municipality may adopt amendments to its comprehensive plan to four per calendar year. Therefore, in light of this statutory limit it may simply have been the Council's considered judgment that the Plaintiffs' amendment was not important or substantial enough to warrant passage as an amendment.[3]
Accordingly, this Court is not prepared to declare that the legislative determination of the Narragansett Town Council was irrational.
However, even assuming arguendo that the Council's failure to adopt the amendment was irrational or improperly motivated, Plaintiffs' argument overlooks the reality that the Town Council's motivations are simply irrelevant in assisting this Court in determining whether it should exercise its discretionary power of declaratory judgment in the face of a clear legislative determination on the part of the Town Council. The legislative prerogative often includes the *Page 11 
right to act in an arguably irrational manner. Indeed, a very similar atmosphere of community support for an amendment that was ultimately not passed was present in P.J.C. Realty, 811 A.2d at 1204. Rather than examining the motivations behind the council's inaction in deciding whether or not to issue declaratory relief, this Court must assess the nature or effect of the requested declaration. See id. at 1207. In essence, Plaintiffs' request, though styled as a request for declaratory judgment, seeks an order of this Court requiring the Town to amend its Comprehensive Plan and its Zoning Ordinance. Thus, the request most closely resembles a request that this Court issue a writ of mandamus pursuant to § 8-2-16. Therefore, like the inappropriate portion of the request for declaratory relief at issue in P.J.C. Realty,811 A.2d at 1207, which sought to compel the municipality to enact the disputed amendment, to issue the requested declarations under the circumstances of the case at bar would be tantamount to compelling the Town of Narragansett's duly elected municipal legislature to enact a particular piece of legislation. Because this Court should not and may not employ its equitable or remedial powers to force a municipal legislature to enact a zoning amendment, and because it may not employ its powers of declaratory judgment "to compel the city to enact an ordinance any more than its equitable power or the remedy of mandamus could be utilized for that purpose," this Court declines to issue the requested declaratory judgment. Id.
 Conclusion
Rhode Island law is clear in that there is no appeal for a municipal legislature's failure to enact an amendment to its Zoning Ordinances or Comprehensive Plan. This Court will not permit the declaratory judgment statute to be transmogrified into an avenue of appeal in derogation of the clearly expressed will of the Rhode Island Legislature. Accordingly, for this and all of the foregoing reasons, the Plaintiffs' request for declaratory judgment is denied. *Page 12 
Counsel for Defendant shall submit an appropriate order in accordance with this Court's decision within ten days from issuance of this decision.
[1] The Court observed, however, that the absence of judicial review did not result in the absence of a remedy for aggrieved land owners.Consolidated Realty, 513 A.2d at 4. The right of a land owner to seek a variance and to judicial review of that determination obviated any perceived need to review a failure to grant a zoning amendment.Id. Additionally, the Court noted that, insofar as constitutional concerns are implicated, "an injured party's recourse is to attack the validity and constitutionality of the underlying ordinance rather than the decision not to rezone." Id. at 3. Because those questions have not been raised before this Court, it will not address them.
[2] § 45-22.2-9 (c)(2) requires the Director to "[w]ithin fifteen (15) days of the receipt of a comprehensive plan . . . give public notice of the initiation of review" and requires that the Director "shall solicit comments from regional and state agencies, all municipalities contiguous to the municipality submitting the plan, update, or amendment, and frominterested parties. . . ." (Emphasis Added.) As such, Plaintiffs or their predecessors had not only the opportunity to raise their concerns at the local level, See § 45-22.2-8(3)(ii)(b), but also the ongoing opportunity to seek redress from the agency that state law deems responsible for the oversight and approval of local comprehensive planning.
[3] The Court notes that pursuant to § 45-22.2-12(b), the Town is required to update its Comprehensive Plan at least once every five years. In Narragansett, this review will occur sometime during 2011. Thus, Plaintiffs are guaranteed the opportunity to once again present their case for re-designation and rezoning with the appropriate municipal authorities who will, at that time, have the authority to consider the entire matter de novo and free from the restraints of administrative finality and the four times per year limit on amendments. *Page 1