ORDER OF ST. BENEDICT IN PORTSMOUTH, RHODE ISLAND *vs.*
TOWN COUNCIL OF THE TOWN OF PORTSMOUTH.

FEBRUARY 13, 1956 (as of JANUARY 17, 1956).

PRESENT: Flynn, C. J., Condon and O'Connell, JJ.

### RESCRIPT.

This proceeding was commenced by a petition praying
that a writ of certiorari be issued to review and quash
certain actions and decisions of the respondent town coun-
cil of the town of Portsmouth in granting to the Commerce
Oil Refining Corporation a permit to build an oil refinery
and also licenses to manufacture, process and store petro-
leum products in that town.

A citation was granted by this court whereby the peti-
tioner was given an opportunity to show cause why the
writ of certiorari should be issued as prayed for and included
a notice to the members of the respondent council that they
might be heard on the return day thereof as to any matter
of law pertinent thereto. The cause was accordingly heard
on such citation, at which time attorneys for the petitioner
argued that for several reasons the petition should be

granted, whereas attorneys for the respondent board urged that in the circumstances as alleged the petition should not be entertained.

At such hearing it became clear among other things: (1) That the petition was not brought under the zoning act or any ordinance thereunder wherein a writ of certiorari is the prescribed or accepted method of reviewing actions and decisions of a zoning board of review; (2) that the petition was for a writ of certiorari as at common law which is addressed to the discretion of the court, and further that such a writ is used ordinarily to review only the alleged illegal actions or decisions of an inferior judicial or quasi-judicial tribunal; and (3) that at the time there was pending or to be filed in the superior court a bill in equity or other action brought by the petitioner seeking a remedy for the same grievances as are alleged in the instant petition.

After consideration, we are of the opinion that in the circumstances of record the petitioner has not clearly sustained the burden of convincing the court that it should exercise its discretion and issue the writ for the purpose of reviewing the alleged illegal actions and decisions for which the petitioner's remedy, if any, may be had in and through other pending or prospective proceedings.

The petition for a writ of certiorari is therefore denied and dismissed, without prejudice however to the rights, if any, of the parties in relation to the merits of any issue alleged in the instant petition.

*Cornelius C. Moore, Salvatore L. Virgadamo, Francis J. Boyle, John C. Burke, Frederick W. Faerber, Jr., James E. Murphy,* for petitioner.

*Letts & Quinn, Andrew P. Quinn, Andrew P. Quinn, Jr., Frank Licht, Edward M. Dolbashian, Town Solicitor, Paul M. Chappell,* for respondent.