J-A02012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL FELDER | |
| Appellant | No. 660 EDA 2015 |

Appeal from the Judgment of Sentence October 24, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014896-2009

BEFORE: OTT, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 20, 2017**

Michael Felder appeals from the judgment of sentence imposed on October 24, 2014, in the Court of Common Pleas of Philadelphia County on the charge of first-degree murder. Felder, a juvenile at the time of the crime, was tried and convicted by a jury in 2012. He was originally sentenced to a mandatory term of life imprisonment without the possibility of parole. That sentence was vacated pursuant to *Miller v. Alabama*, 132 S.Ct. 2455 (2012) and *Commonwealth v. Batts*, 66 A.3d 286 (Pa. 2013). On October 24, 2014, following a re-sentencing hearing, Felder was sentenced to a term of 50 years' to life incarceration. Felder has filed this timely appeal in which he claims he received a *de facto* life sentence and, therefore, his new sentence

_____

[*] Former Justice specially assigned to the Superior Court.

is also unconstitutional. Following a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

We briefly recount the underlying facts of this matter. On September 3, 2009, Felder and another young man played a two-on-two basketball game against brothers Jarrett and Malcolm Green, on the outdoor courts at the Shepard Recreational Center in Philadelphia, Pennsylvania. The game was still young when Felder became upset and retrieved a .380 semiautomatic handgun from his gym bag. Felder shot Jarrett Green in the stomach and leg, killing him. He also shot and wounded Malcolm Green. Felder was apprehended on September 27, 2009. He was tried and convicted by a jury of first-degree murder regarding Jarrett Green and aggravated assault regarding Malcolm Green.

As noted above, Felder's initial sentence for first-degree murder, life imprisonment without the possibility of parole, was vacated as unconstitutional. In the judgment order that vacated Felder's judgment of sentence, this Court instructed the trial court to consider a list of factors found in **Commonwealth v. Batts**, **supra**, 66 A.3d at 297.[1] On October 24, 2014,

---

[1] This list of factors was first announced in **Commonwealth v. Knox**, 50 A.3d 732, 745 (Pa. Super. 2012). **Knox** noted that, in **Miller**, the United States Supreme Court did not provide a specific list of factors to be considered upon sentencing juveniles under relevant convictions. **Knox** provided a non-exclusive list of factors it distilled from **Miller**.

following a hearing, Felder was re-sentenced to a term of 50 years' to life imprisonment.[2]  Felder now raises four issues in this appeal.  They are:

> 1) Is it unconstitutional to sentence a juvenile to 50 to life, a *de facto* sentence of life imprisonment without the possibility of parole, without a factual basis to determine if the juvenile was permanently incorrigible, irreparably corrupt or irretrievably depraved?
>
> 2) Absent a judicial finding that a juvenile is permanently incorrigible, irreparably corrupt or irretrievably depraved, is it unconstitutional to sentence a juvenile to 50 to life, a *de facto* sentence of life imprisonment without the possibility of parole?
>
> 3) Under the circumstances of this case, was it unconstitutional to sentence Michael Felder to 50 years to life, a *de facto* sentence of life imprisonment without the possibility of parole?
>
> 4) As the United States Supreme Court in **Miller v. Alabama** struck down the Pennsylvania first and second[-]degree murder statutes for juveniles, was the only constitutional sentence here one for third[-]degree murder?

Felder's Brief at 4.

Initially, we note that Felder's claims are a challenge to the legality of his sentence.  "Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary."  **Commonwealth v. Furness**, 153 A.3d 397, 405 (Pa. Super. 2016) (citation omitted).

Felder's first three arguments are related, if not identical, and we will address them together.  All of these arguments rest upon the same foundation

---

[2] The trial court did not re-sentence Felder on any charge other than first-degree murder.

– that a 50-year minimum sentence is a *de facto* life sentence. As such, it would be immaterial that Felder would be eligible for parole after 50 years. Prevailing law forbids juveniles from life sentences without parole, except in extraordinary circumstances. Failing proof of those circumstances, Felder claims his sentence is just as unconstitutional as the sentence struck down in *Miller*.[3]

Without commentary, the trial court rejected Felder's claim of unconstitutionality. While cogent analysis of legal issues by the trial court is

_____

[3] Following Miller, Pennsylvania enacted a new sentencing statute for juveniles convicted of first-degree murder. We quote that portion applicable to juveniles between the ages of 15 and 18, which would have been applicable to Felder.

> **a) First degree murder.--** A person who has been convicted after June 24, 2012, of a murder of the first degree, first degree murder of an unborn child or murder of a law enforcement officer of the first degree and who was under the age of 18 at the time of the commission of the offense shall be sentenced as follows:
>
> > (1) A person who at the time of the commission of the offense was 15 years of age or older shall be sentenced to a term of life imprisonment without parole, or a term of imprisonment, the minimum of which shall be at least 35 years to life.

18 Pa.C.S. § 1102.1(a)(1).

However, because Felder was not convicted after June 24, 2012 (*Miller* was decided on June 25, 2012), this statute does not apply instantly. Our review of the certified record leads us to believe that the sentencing judge, while not bound by the new law, was guided by it and subsequent case law applying this statute.

always beneficial, we are not unduly hampered in our review. Our review of the certified record and Felder's argument leaves us unconvinced that we are required to treat Felder's 50-year minimum sentence as a life sentence.

In his post-sentence motion, filed October 29, 2014, Felder cites **United States v. Nelson**, 492 F.3d 344, 349-50 (7th Cir. 2007) and the U.S. Sentencing Commission Preliminary Quarterly Data Report (Report),[4] for the proposition that federal law defines a life sentence as 470 months. **Nelson** does not arrive at the 470-month figure independently; it merely cites an earlier version of the Sentencing Commission data. Our reading of the Report leads us to a different conclusion.

Appendix A of the Report lists variables involved in sentencing. One of those variables is "sentence length". **See** Report, Appendix A, p. 8. In relevant part, the Report states:

> In cases where the court imposes a sentence of life imprisonment, a numeric value is necessary to include these cases in any sentence length analysis. Accordingly, life sentences are reported as 470 months, a length consistent with the average life expectancy of federal criminal offenders given the average age of offenders. Also, sentences of greater than 470 months are also

---

[4] This Report is from 2012. It may be viewed at: http://www.ussc.gov/Data_and_Statistics/Federal_Sentencing_Statistics/USSC_2012_3rd_Quarter_Report.pdf. In his brief, Felder also cites case law from Wyoming, Iowa and Connecticut in support of his claim. **See**, **Bear Cloud v. State**, 334 P.3d 132 (Wyo. 2014); **State v. Null**, 836 N.W.2d 41 (Iowa 2013); **Casciano v. Commissioner of Correction**, 115 A.3d 1031 (Conn. 2015). **Bear Cloud** cited a similar federal sentencing statistical report without commentary. **Null** was decided under an analysis of the Iowa Constitution. **Null**, 836 N.W. 2d at 70-71.

reported as 470 months for some analyses. The footnote in the relevant tables and figures indicates when this occurs.

Report, Appendix A, p. 8.

While the Report does indicate that the average life sentence is 470 months, slightly more than 39 years, it also acknowledges that there are other sentences greater than 470 months and that those sentences, however much longer, have simply been designated as being 470 months long. Also, the 470-month "definition" is specifically dependent upon the average age of the federal offender. There is nothing in this "definition" to indicate the average age. Accordingly, the 470-month expression of a life sentence is a number without context.[5] Without context, we cannot begin a proper constitutional analysis as to the meaning of a 470-month life sentence. In addition to being a statistic out of context, we also note that neither the 7th Circuit decision nor a preliminary statistical report is binding upon this Court.

There are other jurisdictions, also not binding upon this Court, which have been presented with similar claims and found lengthy sentences were not unconstitutional. In **Tennessee v. Merritt**, 2013 WL 6505145 (Tenn. Crim. App. 2013) (unpublished), the court of criminal appeals determined a

_____

[5] We do not know the age of the offenders when sentenced, nor how old they are at the expiration of the life sentence, presumably that being the expiration of their life. If the average federal "lifer" dies at age 75, then, as applied to Felder, his "life sentence" might be considered to be 684 months. (Felder was 17.5 when arrested and incarcerated. Rounding that age up to 18, his life sentence would be 57 years, or 685 months.) If the average federal offender is 30 years old when incarcerated (Nelson, from **U.S. v. Nelson**, **supra**, was 30 years old), then the 470-month "life sentence" terminates, on the average, at 69 years of age. These two hypothetical examples demonstrate a wide disparity in results.

225 year minimum sentence was constitutional, but was, nonetheless, excessive. In **New Jersey v. James**, 2012 WL 3870349 (N.J. Super. Ct. App. Div. 2012) (unpublished), a 268-year minimum sentence was not unconstitutional as it was a product of a discretionary sentencing scheme.

All of these cases are informative, yet none provides a clear resolution to our matter. The fact that there is such a great disparity in approach and interpretation of the dictates of **Miller**, if nothing else, demonstrates the difficulty of the problem. Herein, Felder received a significant sentence and will be almost 68 years old when he becomes eligible for parole. However, it cannot be overlooked that Felder committed a particularly senseless crime and had a significant history of anti-social and violent behavior for his young age. **See** N.T. Sentencing, 10/24/2014.

Our Supreme Court, in **Commonwealth v. Batts**, 66 A.3d 115, 137 (Pa. 2013), found the Pennsylvania Constitution at Art. 1, § 13, provides no greater protection regarding cruel and unusual punishment than does the United States Constitution at the 8th Amendment. With that in mind, **Miller** held that a *mandatory* sentencing scheme, one, which, by definition, does not take into account the individualized needs and circumstances of a juvenile, that automatically provides for a life sentence without parole, is unconstitutional., However, **Miller** did not deem all juvenile life sentences without parole unconstitutional. **Miller** did not address a situation, such as is before us, wherein a juvenile defendant was given a significant sentence upon the discretion of the trial court; a significant sentence that arguably

- 7 -

approaches, but which does not obviously extend to the life expectancy of the juvenile.

Here, Felder's sentence was not the product of a mandatory sentencing scheme. His sentence, while significant, was the result of an individualized and discretionary sentencing hearing, at which the trial judge considered the 12 factors distilled from **Miller** and **Batts**. **See**, N.T. Re-Sentencing, 10/24/2015, at 51-52.[6] Also, **Miller** takes no stand on claims of *de facto* life sentences. As such, **Miller** does not directly apply. Additionally, as discussed, Felder's claim of a *de facto* life sentence is based upon flawed grounds. Accordingly, under the Pennsylvania and United States Constitutions, as interpreted in **Miller v. Alabama**, *supra*, and **Commonwealth v. Batts**, *supra*, we conclude that when a juvenile convicted of homicide has been subjected to a discretionary sentence that may approach, but does not clearly exceed life expectancy, that sentence does not run afoul of **Miller**[7] and

---

[6] The 12 factors are: age of defendant at the time of the crime; evidence of diminished capacity; evidence of capacity for change; extent of participation in the crime; family, home and neighborhood environment; extent of familial or peer pressure; past exposure to violence; drug and alcohol history; ability to deal with the police; capacity to assist attorney; mental health history; and potential for rehabilitation. The trial judge also considered the **Miller** and **Batts** cases, and her own "very lengthy contemporaneous notes taken during both the trial of this case and during the original sentencing proceeding." **Id**. at 51.

[7] Nonetheless, while that sentence may be constitutional, it does not mean the sentence is automatically proper. While a claim of a manifestly excessive sentence does not rise to the level of cruel and unusual punishment, a manifestly excessive sentence may still be challenged. **See**, **Commonwealth v. Best**, 120 A.2d 329, 348-49 (Pa. Super. 2015) (claim of manifestly

therefore does not violate the Federal Constitution, 8th Amendment, or Pennsylvania Constitution, Art. 1, Sec. 13, prohibitions against cruel and unusual punishment.[8]

Because Felder's sentence is not a *de facto* life sentence without parole and does not violate either the United States or Pennsylvania Constitutions, Felder is not entitled to relief on any of his first three issues.

Felder's final issue is a claim that when ***Miller*** invalidated Pennsylvania's mandatory sentencing for first and second-degree murder as applied to juveniles, the only statutory sentencing scheme left in place was for third-

_____

excessive sentence constituting too severe a punishment raises a substantial question appropriate for appellate review).

[8] On June 12, 2017, the United States Supreme Court issued a Per Curiam opinion in ***Virginia v. LeBlanc***, 582 U.S. _____ (2017) (Justice Ginsberg concurring). The issue was similar to the instant matter. In ***LeBlanc***, a 16-year-old defendant had been sentenced to life imprisonment for rape. After ***Graham v. Florida***, 560 U.S. 48 (2010) was decided, he petitioned for resentencing. Virginia denied his request and the U.S. Supreme Court affirmed, citing Virginia's geriatric release program in which, relevant to LeBlanc, a 60 year old defendant who has served at least 10 years of a sentence can request conditional release from the Parole Board. This possibility of release was sufficient to meet the ***Graham*** requirement for providing "the meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation required by the Eighth Amendment." ***LeBlanc*** at *2-3. (We have only a copy of the slip opinion. Page numbers refer to that printing.) Accordingly, it was not constitutionally infirm to require LeBlanc to serve 44 years of his sentence prior to the possibility of parole. The U.S. Supreme Court's decision in ***LeBlanc***, supports our determination that Felder's sentence is not unconstitutional.

degree murder.  Accordingly, Felder claims he is entitled to be resentenced pursuant to that law.[9]  We disagree.

This issue has been presented to and decided by our Supreme Court in **Commonwealth v. Batts**, **supra**.  Therein, our Supreme Court considered and rejected this argument.  **See Batts**, 66 A.3d at 293-96.  Felder claims the Supreme Court's reasoning fails in light of **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), but provides no substantive argument or analysis to support that bald statement.   Because this crucial aspect of his argument has not been developed, the issue is waived.  **See Commonwealth v. Spotz**, 18 A.3d 244, 282 (Pa. 2011) (failure to develop argument waives claim: appellate court "will not attempt to divine an argument on Appellant's behalf").  Accordingly, we are bound by our Supreme Court's determination in **Batts**, **supra**, that a sentencing court is not limited, in this situation, to the punishment available for third-degree murder.

Judgment of sentence affirmed.

Judge Ransom joins this memorandum.

Justice Fitzgerald concurs in the result.

---

[9] "Notwithstanding section 1103, a person who has been convicted of murder of the third degree … shall be sentenced to a term which shall be fixed by the court at not more than 40 years." 18 Pa.C.S. § 1103(d).  Accordingly, if Felder was subject to sentencing for third-degree murder, the maximum sentence of 40 years' incarceration would represent ten years less than his current minimum 50 year term of incarceration.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/20/2017</u>